- MONCURF, P.
Í haye given to this case *467 all the consideration of which I am capable and which was so justly due as well to the. importance of the question involved, as to the ability and learning' with which it has been argued by counsel; and yet I confess that I have found great difficulty in arriving at a result which is satisfactory to my own mind.
The case arises under the Code, page 838, chapter 208, section 27, which now, for the first time, comes up for construction by this court, and is as follows:
“If a person indicted of felony be by the jury acquitted of part, and convicted of part of the offence charged, he shall be sentenced for such part as he is convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor. ’ ’
The plaintiffs in error were indicted for robbery, in the common form. The jury found them “not guilty of the felony charged in the indictment,” but “guilty of an assault, and battery, ’ ’ and assessed a fine each of them of two hundred and fifty dollars. They moved in "arrest of because the verdict found them guilty of an assault and battery, which was no part of the charge set forth in the indictment. The Circuit court overruled the motion, and gave judgment against them for the fines and costs. Is this judgment erroneous? or, in other words, is the offence of assault and battery of which they were convicted, substantially charged in the indictment, and is it part of the offenc.e of robbery therein charged? This is the only question we have to decide in this case, though a difficult one it certainly is. The difficulty exists in so construing the statute as, on the one hand, to give fair and full effect to the intention of the legislature, and, on the other, not to subject a party to the danger of conviction for a crime with which he was not duly charged, and concerning which he had not a full opportunity of making his defence.
At common law a count for misdemeanor could not be joined in .the same indictment with a count for felony. Nor could a party indicted for felony be convicted on that indictment, of a misdemeanor. The two offences were of different grades, required different modes of trial, and were followed by different judgments. This common law rule continued to prevail in Virginia even after the distinctive features between these two grades of offence, which had given rise to the rule, had been abolished of changed, and the reason of the rule had entirely ceased. . The effect of this rule was that if the felony charged in the indictment was not fully proved on the trial it was necessary to acquit and discharge the accused, though there might have been the fullest proof before the jury that he was guilty of a highly criminal act, which constituted part of the offence charged against him in the indictment. To be sure he might be indicted again for the misdemeanor. But then the risk, delay, trouble and expense of this course of proceeding constituted. a serious ’"'objection to it, and the question naturally arose, why not avoid this inconvenience, by authorizing a jury to convict of misdemeanor or an in-' dictment for felony, if satisfied from the evidence that the accused is not guilty of the felony, blit is guilty of misdemeanor, provided the latter be embraced in the charge contained in the indictment? The accused in such case is not taken by surprise, but may and ought to come prepared to meet the whole charge against him.
It was a rule of the common law, that while more than one offence, even though of the same grade, could not be included in the same count of an indictment, yet as it was necessary to set out all the facts constituting an offence in an indictment for it, and as thosé facts often in themselves are separate offences, a party might be convicted of any offence substantially charged in the indictment, provided it was of the same grade with the principal or total offence charged. So that if a party were indicted for one felony, as for example murdér, he might be found not guilty of murder, but guilty of manslaughter, which is embraced in the charge.- The only reason why he could not be convicted of a misdemeanor on such an indictment was the distinction, before referred to, between the two grades of offence. That distinction having been removed, and the reason for the difference in this respect thus having ceased, it remained only for the legislature’ to authorize a conviction for misdemeanor on an indictment for felony, wherever it could take place consistently with the ends of convenience and justice. Accordingly' several legislative enactments have been made in this state on that subject, among which is section 31 of chapter 208 of the Code, page 839, which provides, that “on an indictment’ for felony, the jury may find the accused not guilty of the felony, but guilty of an attempt to commit such felony; and a general verdict "of not guilty upon such indictment shall be a bar to a subsequent prosecution for an attempt to commit such felony. ’ ’ Now an1 attempt to commit a felony is by statute made a felony or misdemeanor, according to the nature of the felony attempted to be committed; as may be seen by reference to the Code, p. 813, chap. 199, | 10. Section 31 of chapter 208, above recited, is very' much like, though enacted prior in time to section 9, ch.TOO, of 14 and 15 Viet., called Rórd Campbell’s Act, which took the place of section 11, ch. 85, of 1st Viet., called Rord Denman’s Act. The doubts and difficulties and diversity of. decision which arose under the latter act, and which led to its repeal and the enactment of the former, will appear from the cases collected in a long note in the Reading Criminal Cases, pp. 457-463; and from the case of Regina v. Bird & wife, 2 Eng. L. & E. R. 428-531, decided by the Court of. Criminal Appeal; a case remarkable for the fact that the judges were divided upon the main question *468 involved, in the proportion of eight to six, and that Rord Campbell, chief justice of the King’s Bench, Jervis, chief justice of the Common Pleas, and Baron Parke were of the minority. The judges delivered their opinions seriatim, and at much length; and the argument of counsel, both before the Court of Criminal. Appeal and in the earlier stages of the case, is fully reported.
These doubts and difficulties thus existing in the course of legislation and decision on the subject in England, the legislature of this state sought to avoid .by two‘sections, which we find standing almost side b3r side in the Code; that is, sections 27 .and 31 of chap. 208, which have already been recited verbatim. The meaning of the latter section is plain. On an indictment for felony, the accused may be convicted of an attempt to commit such felony. An intention to commit the felony charged, and the doing of. any act towards its commission. without actually ^committing it, constitute the offence of which the accused may be convicted as aforesaid. Whenever, therefore, on an indictment for felony, it is proved that the accused intended to commit the felony, and did some act towards its commission, but without completely committing it, the plain duty of the jury is to convict the accused, under section 31, of an attempt to commit such felony. But suppose it is proved, on such an indictment, that the accused committed some act therein .stated as part of the felony therein charged, which act is in itself a criminal offence, but that he did not commit the felony nor intend to commit it: what is to be done in that case? Section 27 provides for the case, and declares that he may. be convicted of such act and sentenced accordingly.
Bet us illustrate the matter by applying the two sections to the case of an indictment for’robbery. • Suppose it be proved in such a case, that- the-accused assaulted the' person injured with-intent to. rob him, but failed to complete the robbery; the accused must be convicted under section 31 of an attempt to commit such robbery. But suppose the assault was made without any intention to commit robbery, but that it was an unlawful act, and was substantially charged in the indictment as part of the offence therein charged: what, then, is to be done? Clearly the accused must ■ be convicted of the assault, under section 27.
. I suppose the only grounds for raising a doubt as to the propriety of such conviction in the latter case is the question whether an assault is substantially charged in an indictment for robbery and as part of that offence. If it is, then it follows as a matter of course,that such a conviction is proper.
Now if it can be said that an assault is not a necessary ingredient of robbery, and not absolutely necessary to be ^stated in an indictment for robbery, certainly it is universally stated in such an indictment, and we find it stated in all the forms which are given us of such an indictment by writers on criminal law. Robbery is well defined to be “a felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence, or putting him in fear.” 2 Russ. 987; Roscoe 733, citing 2 East P. C. 707. The aim and end of the offence i.s property; but violence to the person, either actual or threatened, is the means by which it is accomplished. Actual violence is used in a large proportion, and perhaps a majority, of the cases that occur, and in the rest the party robbed is put in fear, which amounts to constructive violence. Personal violence in one form or another, is, therefore, of the essence of the crime, and an assault is not only substantially, but in form, charged in the indictment. The indictment not only charges an actual assault upon the party robbed, but that he was put in bodily fear, and his property feloniously and violently taken and stolen from his person and against his will. It is a case, therefore, which involves personal violence, and calls for a defence to meet it. And if the assault, by means of which the robbery is charged t.o have, been committed, is proved to .have been, as it often is, of the most violent and aggravated nature, the accused cannot say that he was taken by surprise by such proof. He must come to his trial prepared to defend 'himself against the whole charge, and may be convicted of any part of it, which amounts in itself to- a criminal offence; though he be not guilty of the whole offence charged. This, I think, is consistent with the obvious meaning and purpose of the section in question. Suppose, the indictment was, under ch. 199, § 10, of the Code, for an assault, with the intention, or in. other words an attempt by an assault, to commit a robbery: could he ^not be convicted of the assault and acquitted of the intention to commit a robbery? I presume there can be no doubt but that he could; arid there would seem to be as little doubt but that on an indictment for robbery itself, charging an assault in the universal form, he may be convicted of the assault though acquitted of the robbery.
Now it does not follow that on every indictment for felony containing a charge of an assault there may be a conviction of the assault. In order to authorize such a conviction, the assault must be an essential part of the felony charged, or a necessary means by which it is accomplished. It need not have been made with an intention, and in the execution of an attempt, to commit a felony; in which case indeed the prosecution should be under section 31, and not section 27, as before stated; but it must have been a part of the very act or transaction which is prosecuted as a felony, and not an assault committed at a different time. That on an indictment in the common form for robbery, containing the charge of an assault as in this case, there may be a conviction of the assault, though there is an acquittal of the robbery, and though the assault was not with an intent to rob, was held in England in regard to 1 *469 Vict. c. 85, 2 11; it being- thus considered that “robbery” was a crime which included “an assault,” within the meaning of that statute; at least where an assault was charged in the indictment. Reg. v. Birch, 1 Den. C. C. 185. That was a unanimous decision of the judges in 1846 on a case reserved, after full consideration of the case, and the several authorities referred to in Greaves’ edition of Russell’s Criminal Taw, vol. 1, p. 778, &c., and his note, p. 782. It seems to follow, a fortiori, that on such an indictment there may be such a conviction under section 27 of our statute. That section was copied substantially from the '*Rev. Stat. of Mass. ch. 137, 2 11, under which it was held that on an indictment for rape there may be a conviction of an assault and battery, the latter offence being necessarily charged in such an indictment. And so in the case of an indictment for manslaughter. Commonwealth v. Drum, 19 Pick. R. 479. That the assault in such case is charged to have been made “feloniously,” cannot prevent a conviction for misdemeanor. The word “feloniously,” though necessary in an indictment for felony, becomes surplusage in treating the indictment as one for misdemeanor. It will not make an act felony which is not in itself felony, though it be so in connection with other acts charged in the indictment. Commonwealth v. Squire, 1 Metc. R. 528.
I think, therefore, 'that'- it was not good ground for arresting the judgment in this case, that the accused were convicted of an assault on an indictment for robbery, though acquitted of the felony.
But they were convicted of an assault and battery, and it is contended that though an assault be substantially charged in the indictment, a battery is not charged therein at all.
A battery is not charged in the indictment in terms, but is it not in effect? The indictment not only charges an assault in terms, but that the robbery w.as committed by an assault lipón John T. -Gregg, and violently stealing and taking his property from his _ person and against his will. Is not this, in effect and substance, a charge of battery as well as an assault? Is not the charge of an assault in itself a sufficient charge of a battery to let in proof and authorize a conviction of battery as well as of an assault?
“An assault is any attempt or offer with force or violence to do a corporeal hurt to another, whether from malice or wantonness, as by striking at him in a threatening *or insulting manner, or with such other circumstances as denote at the time an intention, coupled with a present ability, of actual violence against his person, as by pointing a weapon at him when he is within reach of it. When the injury is actually inflicted it amounts to a battery, which includes an assault, and this, however small it may be, as by spitting in a man’s face, or in any way touching him in anger, without lawful provocation. ” This is the definition of assault and battery laid down in Rose. Cr. Ev. p. 210, and the authorities therein cited. 1 ‘ Assault’ ’ seems to be a generic term, applying to and embracing all offences of personal violence not amounting to a felony, done, or attempted to be done, to another in his presence. In all or almost all the books on criminal law, and especially those of recent date, assault is treated as a separate head of offence under which battery is included, and which is divided only into common and aggravated assaults; those of an aggravated nature being such as some statute has made punishable in a greater degree than a common assault, on account of some attending circumstance of aggravation. It has been often said that an assault is not a battery, and though a battery includes an assault, yet'it is not an assault, and therefore the two offences are different. It is trüe that an assault is hot necessarily a battery, because something less than a battery amounts to an assault. A battery set in motion and before it is consummated as a battery, is an assault, but it does not cease to be an. assault after it becomes a battery. It is not merged in the battery, for every battery includes an assault. Battery is not an offence of a higher nature or degree than an assault, nor is it otherwise punished, but is merely a name which the law has given to an assault after it has reached the person at which it is aimed. The 'assault does not then cease to exist as in a case of merger, but is merely embodied in *the battery, which is nothing but another and a new name for the embodied assault. According to this view, a battery may be proved on the trial of an indictment for an assault without being objectionable on the ground of variance. A prosecutor about to offer such proof on such a trial certainly would not be stopped by the court, at the instance of the accused, upon the ground that the offence charged in the indictment was an assault and not a battery. The answer to such an objection is, that a battery, if it be not in itself an assault of a certain nature and degree, yet certainly includes an assault, and may, therefore, be given in evidence, in order to get in evidence the assault which it includes. And if it be admissible evidence of the assault charged in the indictment, the jury may consider it, not only on the question of guilty or not guilty, but also on the question as to the proper amount of the' fine. A greater fine would probably be assessed for an assault included or embodied in a battery than for an assault which had not progressed to a batter3T. Certainly the court would not instruct the jury to make an apportionment between the battery and the assault included therein, and to assess a fine only for the assault. It would be impossible to make such an apportionment, or to prevent the jury, in assessing a fine for the assault, from taking into the account the aggravation arising from the battery. If, then, that be - the case, how can it make any difference if the *470 jury find the accused guilty of an assault and battery instead of an assault only? [Both are, in substance and. effect, included in the indictment, and the accused is no more taken by surprise by evidence of one than of the other.
This view i,s sustained by, the cases cited •by .the attorney general, or,. some , of them, namely Stewart v. The State of Ohio, 5 Ohio R. 241; State v. Bowling, 10 Humph. R. 52; State v. Chaffin, 2 Swan’s Ten. R. 493; *Givens v. The State, 6 Texas R. 344; Johnson v. The State, 17 Id. 515; and Cokely v. The State, 4 Iowa R. 477. In the case in 5 Ohio, the indictment was . for an assault wi.th intent tq .kill and mur.der, and the conviction was for an assault and, battery. The only question raised in the case was, whether there could be a conviction, fqr misdemeanor on an indictment for felony, there being no statute in Ohio authorizing such a convi,ctióri. .The court decided this question in the affirmative, being of opinion that the,reason.which pre-; vented such a conviction at common law having long since, ceased,,the rule' of law founded thereon oughbalso to cease,. No objection to the yerdjet seemp to haye been taken on the’ ground tha.t it was .for assault and battpry ..instead of an assault, merely. , The cases in .Tennessee may h^ve been influenced or .controlled by a statute of that state, which declares that “where any person shall be indicted foy an assault .with intent to, kill or commit,, any other..felony,-’ it shall be lawful,., iij .ca,se the jury,.cannot find such person guilty, . as charged, of the intent to commit, such felony, to find him guilty of such assault, or assault and battery, as the case may be,, and j.udgment shall be'pro-' nounced by the court as upon an indictment .for such inferior offence.” The cases cited from Iowa .and Texas follow and .sustain the case in 5 Ohio. In the case in 2 Swan, .it was held fhat if a party be charged with an assault and conyicted thereof, he cari-not afterwards be punished for the battery committed at the same time.. Totten, J., delivering .the opinion of the court, said : “The battery includes the assault’, and for the assault, .the defendant has received the legal punishment. He cannot now be punished for the battery, because it cannot be separated from the ,[assault. The one is a necessary part of the other, and if he be now punished for the battery he will'thereby be twice punished, for the assault; that is,, be twiqe punished for the *same offence, which carinot be done!” These observations seem to be sound.
Some authorities’ were cited by the coun-on appearance of .being adverse to the views above expressed., In the case of Sweeden v. The State, 19 Ark. R. 205, it was. held,that upon an indictment for an assault with intent to murder, th.e defendant cannot be convicted of an assault and battery. .The reasoning of .the court certainly, tends to show that a battery is not included in a charge for an assault. But it appears that by a statute of Arkansas, assault and battery are punished different^, or rather have ’different ’ penalties affixed to them; both being fines — the former being punished bj-a less fine than the latter, thereby making the 'latter the greáter offence. This may be a sufficient foundation' for the judgment of the court in that case. In Clark v. The State, 12 Georgia R. 350, it was held that on an indictment for an assault with intent to murder, the' defendant may be found guilty of an assault and battery, where the battery 'is alleged in the indictment, as was done in that case. But the court did not, and could not, decide (for the question did not arise) that a defendant could not be convicted of assault and battery on an indictment allegirig an assault, ' without in terms alléging a battery.
As to what is,said in 1 Hawk. P. C. p. 110, section 1, and repeated by other writers, [‘that’ one charged with assault qnd'. battery riiay ’be found guilty of the former,’ and’ yet acquitted of 'the latter. But eveiy battery includes! aii assault: therefore," pn an indictriient of assault and battery, in which the assault is ill laid, if the defendant be fouqd guilty.' of the bat-.teyy, it is sufficient.” ' I do not think there is anything in this which is adverse to the view I have above expressed. A person ' may be guilty of an assault without being guilty of a battery,* because an assault is not necessarily a battery; arid therefore, on an indictment for assault and'battery, he may be found guilty of the former yet' acquitted of the latter. In an indictment for assault and battery, I do not well see[ how the assault can be “ill laid,” if the battery is .well laid, as a charge for beating'another is necessarily a charge for assaulting -him. ’ Brit if the assault be ill laid and 'the battery well' laid in such an indictment, and the defendant be found guilty of the battery, Hawkins says it is sufficient. Why sufficient? He gives the reason, in the same senterice. ' Because “every battery'includes an assault;” and therefore, we may fairly infer; a finding of a battery is a sufficient' finding of an assault! Of course it is a sufficient finding of a battery ori an indictment fojr assault and battery, and the writer must therefore have referred to the assault in saying that the finding is sufficient, and this is made certain by the reason which he: gives. The passage in Hawkins thus seems to sustain, instead of being opposed to, the view I have expressed.
In conclusion, the case may be thus summed up: The offence charged was robbery; orie.of the highest known to the law, as it aims both at person and property, and often eridangers human life. It was for-inerly punished with death; and by a recent statute has béen again made punishable with death when committed b3T actual violence or by the threat or presenting of firearms. The fa.cts of the case do not appear upon the record, and we know nothing of their nature but what may be inferred from the pleadings and the verdict. Though they did not amount to robber, they yet *471 so much resembled it as to be considered robbery by the committing- magistrate, the examining coart, the attorney for the commonwealth who preferred the indictment, and the grand jury ¡ found it a-trae bill. There was- some defect in the case, of the ^nature of which the • record does not inform us, which induced , the petit jury to find a verdict 'of not guilty of-the felony charged, but they found a verdict' of guilty of an assault and'battery, and as-, sessed a fine upon each of the defendants of §250. We may fairly infer from the.a-mount of the fine that the assault. and- battery was attended with circumstances of. aggravation. Ho motion was made for a new trial, but only a motion in arrest of judgment,, on the ground that the offence found by the verdict was not a part of the offence charged in the indictment, and therefore that the case did not come within the terms' of the Code, ch. 208, (j 27. The defendants-could not have been taken by .surprise at the trial. They had committed-anassault and-battery, which was considered,- charged and prosecuted as part of. a robbery.-. The .nature of the ‘offence and form of the charge :warned -them that' this act ;0f violence of Which they had been guilty, > would' be proved and relied- upon by the commonwealth to sustain the charge. -It is not pretended that any other' act was proved against them, - - -I , think . the case , comes within . the true intent and-. meaning,. as well as. the very terms1, Of the statute, and that the judgment, therefore, - ought to, be affirmed.- But as the defendants were found not guilty of the- felony charged in the in--dictment, I do not think they- ought to be made to pay the costs, of the prosecution, although convicted of a misdemeanor.,- -I therefore think the judgment ought to-be amended in that respect before' it is affirmed: - - •
EI-VES, J.
A single inquiry arises in this case, whether the verdict ■ is good or sustainable under the indictment.. The charge was of robbery from the person, and the jury-acquitted of the felony, but- found the parties guilty of assault and battery, and assessed fines therefor. , ■
It is contended that this verdict is proper under the ^'pleadings, and in conformity with the provisions of the 27th sect, of chap. 208 of the Code. Ido not deem it material to trace the -history of this enactment, nor- examine the interesting decisions, that were cited to us, upon; the English statute of 1 Vict, c.- 85, § 11, which led to its repeal by 14 and 15 Viet. c. 100, § 10, and suggested to the revisors in 1849,-as it now stands in the Code, - the 31st sect, of the chapter just mentioned. -That history and those decisions, while pertinent to the present inquiry, do-not seem to. me to impart sUch aid as would compensate for the pains of stating them, -save incidentally, in this cause! 1 We are confined to the interpretation of this statutory provision, which speaks for itself in clear and unambiguous language. “If a person indicted of felony be by the jury acquitted of part, and convicted’pf part, of the offence charged, he.shall be sentenced .for sjich part .as he is so -convicted of, if- the same be substantially charged, in , the., indictrpent,. whether it be. felony or misdemeanor.” What is “the, offence , .charged”, in this case? It is robbery , from the, person. This charge is clearly resolvable.on authority into the two felonies of -robbery and larceny on the one hand, and -on the other, into the felony of robbery and the misdemeanor of an attempt to. commit it. If we follow .certain deci,-sions-of the .courts of Massachusetts, we might, go further, and rejecting, from the charge "of assault the, epithet, ‘felonious, ’ as surplusage,, we might again - sub-divide the charge so as include.- “a common- assault.” These species of assaults, however, are distinguished and held separate in the Commonwealth v. McLaughlin, 12 Cush. R. 615, where a- count for a felonious assault and a .count for- the same transaction, described as a .common assault, , wiere. joined, in the same indictment, and an, acquittal under -the former and<-a sentence for the latter were- held -good. . But we., are, now asked to ,go a-step further, and to consider this ^charge as embracing substantially a .charge of assaulEand battery.,
-.A.n.indictment is held to the same particularity, as a declaration,in..civil cases, and is required to state the crime,,,with certainty and .precision. 2 Hale, 169; 2 Stra. R. 904; 1 Arch. 63-4. Thjs,,is necessary, to give notice to the accused, .a-nd enable,him to .prepare for<his. defen.c.e,-, .Most of .the little points and subtle distinctions that were at one .time availed of to screen the,guilty, and had become, a reproach, to criminal pleadings, .were swept away.in England by Rord Campbell’s ■ famous-, reform of the .criminal law,, 14 and 15 Vict. c. 100; with which in the.main our own Go.de consists. But these beneficent .changes, have not at .all assailed, impaired or altered the fundamental principle that the accused should be arraigned on a.specifi-c charge, setting forth the facts and circumstances that, constitute his' offence as contradistinguished from those vague and general charges that were held a-t .the, earliest period as bad. This special enactment we are,.now considering is a proof of .this proposition, because it is specially required thereby that the conviction shall-be of “part of the offence charged, ” and no sentence shall be had,on,such conviction,, unless this part of the offence be ‘substantially charged in the indictment.’
Usually ,we do not conceive of robbery -without some such violence, menace, constraint or putting in fear, as denotes an assault. Hence, the common .form of an indictment sets., forth., an assault, felo-niously .made, and -it- has b.een, held to be error -to omit such ayerment of the felonious assault. Rex v. Pelfryman & Randall, 2 Leach 563; and note to 3 Waterman’s Archibald 417. Nevertheless, -there may be, I suppose, a-putting in fear, unaccompanied by- an assault, and in such case,,it, would become- unnecessary, to follow the usual precedents in the ^averment of *472 “assault feloniously made.” Such an accusation, then, would wholly omit the charge of an assault, either common or felonious. But if the assault may not be charged, what authority have we for going further, in the case of its ayerment, and declaring that the charge of an assault embraces the charge of a battery also? Can that be on any other principle or for any other reason -than because an assault implies or embraces a battery? Surely when one is accused of robbing another, he is not substantially charged with beating him. Robbery may and, does occur without any battery; and if the commonwealth seeks or contemplates a finding for the latter, it is but a small burthen upon the commonwealth’s attorney to require an averment of it in' the indictment, so that the accused may know what charge he has to meet and what,defence to make.
Eet us now, recur to the definition of these offences, and the clear distinction between them, which, makes it improper to confound them. An assault is defined to be the offer, with violence, of corporeal hurt to another, without the actual infliction of it; a battery, the,'unlawful beating of another. Hawkins, in his treatise; deduces from this definition as a clear and indubitable corollary, that “one charged with assault and battery may be found guilty of the former and yet acquitted of the latter. ” He concedes that every battery includes an assault, and founds upon it this additional principle, that upon an indictment of assault, and battery, if the assault, be ill laid, the defendant mav be found guilty of the battery. 1 Hawk. P. C. p. 100, § 1. Here, then, are .two clear cases of distinction and' separation between these offences: 1st, you may convict of the assault and acquit of the battery; and 2ndly, you 'may find the battery, though there be no sufficient charge of the assault. While a battery in-eludes an assáult, as 'be'forp stated, the converse is not *true; an assault not onl3r dpes not include "a battery, but repels the idea of it by the very terms of its definition, making it fall short of any touching of the person. How, then, shall we construe an indictment charging an assault, as-inclusive of a - battery, without violating these elementary principles,' so clearly defined b3r Hawkins,.and uncon-tradicted or doubted by. any other writer on criminal law? Here there is .an,express acquittal of the felony charged in 'the ih-di.ctment, but the finding of an offence outside of it, namely, an assault and battery. If we are to hold that ass.ault and battery is substantially charged, in this indictment, we cannot do it by reason of its terms, because an assault does not imply or include a battery, but ra.ther precludes the idea of it, as I have shown on authority; nor can we do so by reason of any' légal implication, malting a. charge of robbery embrace a charge of assault and .battery, because a robbery may be perpetrated not only tvith-out a battery, but even, .'in exceptionable cases, without an assault, ás lias been also ‘shown. I am, therefore, ■jvholly at a loss to conceive, upon what principle or reason, the express statutory requirement of a substantial charge, on which to rest the finding in this case, can be satisfied, where there is neither an express nor implied averment of it in the indictment, nor any legal implication or embracing of it in the character of the main offence.
If it could be said that the averment of an assault embraced also that of a battery, or that no robbery could take place without an assault and battery, I' would then sustain the finding in this case; but when I find it to be an elementary and unquestioned principle that an assault does not include a-battery, but rather repels the idea of it, and that a robbery may occur by any putting in fear, without an assault even, or if attended by an assault, certainly without a/ battery, I would 'deem myself *without excuse for sustaining such an extraneous and irrelevant finding under the statute.
In this case, there is the charge of a felonious assault; let it be assumed as comprising the lower grade of a common assault, not depraved by the felonious intent; how and where shall we find a substantial charge of a’batten? Shall we be told in the loose and vague language of some' of the cases cited to us from the courts of sister states, that a battery is but an aggravated assault or series of assaults? This would seem to me a perversion of the definitions that have been given us of these offences; a'blow threatened, but not delivered ; á hand raised, but not laid in’ anger upon another; a menacing movement or gesture towards; but no rude touch of, another’s' person. These are assaults, and they merge into the battery when that follows as a part of the transaction laid in the indictment. No assault- nor series of assaults can ever make a battery; nor as an unavoidable' consequence, can any charge of an assault, whether common or felonious, be accepted as a substantial charge of a battery.
The view I have thus presented of this' case renders it unnecessary and irrelevant to examine that series of interesting cases in England, 'sustaining a conviction of a common assault upon an indictment for highway robbery; Reg. v. Ellis, 8 Carr. & Payne 654; upon an indictment for a felonious assault upon a female; Reg. v. Guttridges, &c., 9 Carr. & Payne 471; and upon an indictment for feloniously cutting another with intent to murder him or to do him some grievous bodily' harm. Reg. v. Archer, 2 Moody C. C. 283, &c., &c. These cases arose and were decided under St. 1 Vict., ch. 85, § 10, commonly!known as Eord Denman’s Act, the language of which is different from that'of our statute, namely, “where the crime' charged shall in-elude an assault, &c.-, *if the evi- ' den'ce shall warrant sitch a finding, and when such verdict shalí be found, the court shall hav'e power to imjprison the person so found guilty of assault,’’ &c., &c.■ *473 Such were the diversities of opinion and subtleties in the judicial construction of this act, as remarkably displayed in the case of Reg. v. Bird & Wife, 2 Eng. L. & Eq. R. 439, that they led to its repeal and substitution by Lord Campbell’s Act, 14 and 15 Vict., ch. 100 (1851), which as to this matter corresponds substantially with the 31st sec. of our law, authorizing, under a charge of felony, the finding guilty of ‘ ‘an attempt to commit such felony.”
The 27th section of our statute has been framed after the Massachusetts Revised Statutes, 1835, c. 137, § 11, with a difference that it is not now material to consider. This fact seems to impart peculiar importance and significance to the decisions of Massachusetts upon this law. It has been there held that under an indictment for rape or manslaughter, there may be a conviction of assault and battery without any count for the lesser offence. Commonwealth v. Drum, 19 Pick. R. 479. The report of this case is brief, and no reasons assigned for the judgment. I am left, therefore, to infer them. They, doubtless, rest on the fact that these crimes cannot be perpetrated without involving assault and battery ; and that no averment of this lesser offence is necessary, because it is an inseparable part of the crime alleged in the indictment. But this is not the case, as I have endeavored to show, of a charge of robbery; that may and does occur without any assault and battery. I do not, therefore, consider this case as an authority against the position I occupy.
It is the absence from this indictment of any charge of a battery that I deem fatal to the verdict. I am fortified in this opinion by a case from Georgia. Clark v. *The State, 12 Georgia R. 350. That was a case of an indictment for an assault with intent to murder, where, in addition to this charge of assault, &c., the defendant was also charged in the indictment with having beaten Smith Jones, the individual alleged to have been assaulted; it was held that the party might be found guilty of an assault and battery, the battery having been alleged in the indictment; from which it results that the verdict would have been bad had there been no averment of the batfery. Still more direct and decisive is the. case of Sweeden v. The State, 19 Ark. R. 205. That, like the case just cited from Georgia, was an indictment for an assault with intent to murder, but unlike it in this, namely, it contained no statement of a battery. It was there decided that upon such an indictment the defendant could not be convicted of an assault and battery'. This case was the more significant, as it overruled some earlier cases in the state that were relied upon for the opposite doctrine. The judge in deciding that case, uses this strong language: ‘ ‘The bare statement of the proposition, to the professional reader, must be sufficient of itself to convince him upoh .principle that a man indicted for an assault with intent to kill, cannot legitimately be convicted of an assault and battery.”
It is urged that no practical mischief can result from such a course of criminal practice; that if it be true that the robbery charged comprised an assault and battery, the same state of evidence that would exculpate the party of the crime, would be heard on the trial for the misdemeanor. But this seems to me very far from being correct or true. The accused, supposing himself to be arraigned for robbery or some offence substantially included in this charge, might be totally unprepared on, the trial to adduce the evidence appropriate to his defence against charge of assault and battery. Conscious of his innocence *'of the crime for which he was indicted, he might well rely on the inability of the commonwealth to prove it, and be caught without the evidence he might command to justify or extenuate his conduct ,in a personal attack upon the prosecutor. I therefore object to this practice as a dangerous innovation upon the ancient rules of certainty and precision heretofore required in criminal accusations, and manifestly tending to the surprise of the accused upon his trial. Nor can this statute, as I have endeavored to show, be interpreted as authorizing this laxity of pleading because it protects in terms the party against such a finding, where the part of the offence of which he is convicted is not ‘substantially charged’ in the indictment.
The inducements for declining to depart from the strictness of criminal pleading as to its certainty 'and particularity, are too obvious to be more than suggested. Under our bill of rights, “a man hath a right to demand the cause and nature of his accusation ’ the law extends to him every facility and chance for his defence, and guards him against surprise on his trial; but all these invaluable privileges of the citizen, and securities for his safety against vague and inveigling charges, would be most seriously impaired, in my view, by such a latitude of criminal procedure as would tolerate, under a charge of robbery, a verdict for assault and battery.
Eor these reasons, I feel constrained to dissent, though with great and sincere diffidence, from my brethren in this case, and to declare myself for a reversal of the judgment below.