# CHARLESTON.

STATE v. WILLIE TOMLIN.

Submitted April 13, 1920.    Decided April 27, 1920.

1. CRIMINAL LAW.—*Intoxicating Liquors—Where Statute Provides no Penalty Act is Indictable as at Common Law.*

    Where a statute forbids a thing affecting the public, but is silent as to any penalty, the doing of it is indictable, and punishable as at common law. Applied in a case where the statute on which the indictment was founded, makes it unlawful for one to have in his possession a "moonshine still" but provides no penalty or other method of punishment. (p. 301).

2. INDICTMENT AND INFORMATION—*On Indictment for Felony Under Statute Which Includes Offense for Which No Penalty is Provided, Latter Offense May Be Punished As at Common Law.*

    Where one of the offenses charged and inhibited by the statute is a felony, and necessarily includes another offense also inhibited thereby and charged in the indictment, but for which no penalty is prescribed, the accused may be acquitted of the greater offense but found guilty of the lesser included therein and punished as at common law, and in such case it is error for the trial court to strike out of the indictment the the charge of the lesser offense. (p. 303).

3.  CRIMINAL LAW—*Supreme Court of Appeals Has No Jurisdiction on Certification of Question Presented by Bill of Particulars.*

This court has no jurisdiction, under section 1 of chapter 135 of the Code, to respond to a question certified thereunder, presented by a bill of particulars, not a pleading nor subject to demurrer or motion to quash. (p. 304).

Certified Questions from Circuit Court, Lincoln County.

Willie Tomlin was indicted for owning, operating, and possessing an apparatus for the manufacture of intoxicating liquors. Demurrer to indictment and bill of particulars sustained as to the indictment in part, and questions certified.

*Reversed and demurrer overruled in part.*

E. T. *England,* Attorney General, *Charles Ritchie,* Assistant Attorney General, and *E. E. Young,* for the State.

*Jacob D. Smith,* for defendant.

MILLER, JUDGE:

In an indictment under section 37, chapter 108 of the Acts of 1919, the first count charges that defendant did unlawfully and feloniously own, operate and maintain, and have in his possession an apparatus for the manufacture of intoxicating liquors, commonly known as a moonshine still; the second that he did on the same day unlawfully and feloniously own, operate, maintain and have in his possession an apparatus and device for the manufacture of intoxicating liquors which said device was of like kind and character to what is commonly known as a moonshine still.

Upon demand by defendant the State filed a bill of particulars, specifying that defendant did in the month of June 1919, have in his possession a moonshine still manufactured from two galvanized wash tubs, secreted in the loft of his mother's house, which he obtained from one Everett Vance; that before coming into possession of said still defendant knew the same had been used in the manufacture of whiskey; that it was not equipped at the time it was found in defendant's possession with any cap, worm or other fixture, but that there was evidence of mash in the bottom of it.

To the indictment and bill of particulars the defendant demurred. The court sustained the demurrer to the indictment so far as it charged defendant with having in his possession an apparatus for the manufacture of intoxicating liquors, but overruled it as to the other allegations therein.

The questions certified to us on these rulings are:

1. Is the offense of having in one's possession a "moonshine" still, or any device of like kind or character, punishable under Sec. 37, chapter 108 of the Acts of the Legislature of 1919?

2. Is it an indictable offense to have in one's possession, under said section of said act, a part of a moonshine still?

In prescribing the grade and penalty for the offenses charged, the statute says: "Any person owning, operating, or having any interest in any moonshine still, shall be guilty of a felony, and upon conviction thereof shall be fined not less than three hundred dollars nor more than one thousand dollars, and be confined in the penitentiary not less than two nor more than five years." It will be observed that no penalty in express terms is imposed for having in one's possession a moonshine still, and it was the opinion of the circuit court that because of this omission no indictment would lie against the accused for this offense, wherefore this charge in the indictment was stricken out. Of course the other offenses charged for which penalties are imposed made the indictment good as to them, and if the court had been correct in its conclusion that having in one's possession such a still is not an indictable offense, by regarding the charge of that offense a separate count, its action on the demurrer thereto would have been justified and proper.

But we think the court was in error in holding that having in one's possession a moonshine still inhibited by the statute is not an indictable offense. The authorities cited by the court do not seem to bear out its conclusion. These and many others hold that where a statute forbids a thing effecting the public but is silent as to any penalty, the doing of it is indictable at the common law. The effect of such statute is to enlarge the common law. Bishop on Stat. Crimes, (3rd ed.), secs. 138, 873; 1 Bishop New Crim. Law, (8th ed.), secs. 236, 237; 1 Russel on Crimes, (7th Eng. & Can. Ed.), 11; *Ex parte Garrison,* 36 W. Va. 686, 688. Such an offense is indictable unless the

statute points out some particular method or mode of punishment or redress, and which is exclusive of other remedies. 2 Hawkins Pleas of the Crown, (8th ed.), 289. As some of the authorities express it: "If a statute enjoin an act to be done an indictment will lie for disobeying the injunction of the legislature." *Keller* v. *State,* 11 Md. 525, 69 Amer. Dec. 226, 232, and cases cited. In the decision just cited the law was applied in a case involving a violation of the liquor laws of the state. So also in *State* v. *Parker,* 91 N. C. 650, it was held that where a statute makes an act unlawful and specifies no mode of procedure, the violation of its provisions is a misdemeanor punishable by indictment at common law. This law was applied in an early case in Virginia. *Piper's Case,* 9 Leigh, 657. The statute makes the other offenses inhibited felonies, and it is said does not define the degree of the crime of having in one's possession a moonshine still. But the general statute concerning crimes says: "Offenses are either felonies or misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors." Sec. 1, ch. 152, Code.

It is urged on behalf of the State that to be in possession of the inhibited moonshine still was to be interested therein, made a felony by the statute, and punishable as such. Defendant is not indicted for being interested in such still. But we do not think we can so enlarge a criminal statute or give it such forced construction. The authorities cited by counsel we do not think justify this construction of the statute. Being criminal and highly penal, it is subject to the rule of strict construction.

The question now presented is, can a felony and a misdemeanor be joined in the same indictment? As a general rule they can not. *Scott* v. *Commonwealth,* 14 Gratt. 687; Anno. 675. Here the offense of possession is not only charged in the same indictment but in the same count thereof, which is certainly not permissible unless the charges of the several offenses made in the conjunctive can be treated as separate and distinct counts. For the purposes of this case we need not decide the latter question. For though possession be a separate offense, as we construe the statute, and at common law a misdemeanor, by force of the general statute cited, if, as we hold, it is also an incident to

and necessarily included in the offense of operating a moonshine still, the greater offense includes the lesser, and though the lesser is not made a felony by the statute, the accused may be acquitted of the greater, but by force of section 18 of chapter 159 of the Code, found guilty of a misdemeanor. This section, which was intended to cover inclusive offenses, provides: "If a person indicted of felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor." *Hardy and Curry* v. *Commonwealth,* 17 Gratt. 592; Anno 466; *State* v. *Vineyard,* 85 W. Va. 273, 101 S. E. 440. If possession should be construed as constituting a separate and distinct offense, not incidental to or included in some other offense charged, the indictment might have to be quashed as a whole for joining a felony with a misdemeanor. *Scott* v. *Commonwealth, supra,* 696.

Our answer to the first question submitted, therefore, is that possession of a moonshine still is punishable under the statute as included in the offense of operation thereof, charged as a felony, and if the accused should be acquitted of the graver offense but found guilty of the lesser, which the common law and the general statute would punish as a misdemeanor, he may be punished for the lesser offense, and that the court erred in striking out the charge of possession.

The second question certified is not presented by the motion to quash or demurrer to the indictment, but only by the bill of particulars. A bill of particulars is no part of the indictment, is not a pleading, and not the proper subject of demurrer or motion to quash. Wherefore we have no jurisdiction at this stage of the proceeding to review the action of the circuit court or to answer the court's inquiry thereon. *Abell* v. *Penn Mut. Life Ins. Co.,* 18 W. Va. 400; *Sheppard* v. *Peabody Ins. Co.,* 21 W. Va. 368; *Cappellar* v. *Queen Ins. Co., Id.* 576; *Riley* v. *Jarvis,* 43 W. Va. 43; *State* v. *Lewis,* 69 W. Va. 472; *State* v. *Sixo,* 77 W. Va. 243.

Our answers to the questions submitted will be certified to the circuit court.

*Reversed and demurrer overruled in part.*