## WALL *vs.* THE STATE OF GEORGIA.

[Jackson, C. J., not presiding, on account of providential cause.]

1. Where one was employed for wages as a servant by the owners of a gin-house, it being his duty to aid in ginning cotton brought there by his master's customers, to receive and weigh it and put it in the gin-house and report at night to the owners, who entered on their books the weights, receipts and deliveries of cotton during the day; and where, on account of the fact that he "fired" the engine by which the gin was run, early in the morning, he generally carried the keys to the house, this did not put the cotton in his possession or make him a bailee thereof; and if he stole cotton from the gin-house, the offense was larceny from the house, and not larceny after trust.

2. It was held in *Clark's* case, 12 *Ga.*, 350–1, that the statute of limitations applied to the offense for which the defendant was indicted, and not to any minor offense included therein, of which he might be found guilty on the traverse of the indictment.

3. Where a defendant was indicted for larceny from the house of goods of the value of more than $50, but the evidence showed that the property was less than $50 in value, there was no error in charging that corroboration of the testimony of accomplices was not essential to a conviction, if the jury should be of the opinion that the offense amounted to nothing more than a misdemeanor.

(*a.*) There was corroboration in this case.

January 12, 1886.

Criminal Law. Larceny. Master and Servant. Accomplice. Bailments. Witness. Before Judge RONEY. Columbia Superior Court. March Term, 1885.

Reported in the decision.

THOS. E. WATSON; E. T. WILLIAMS, for plaintiff in error.

BOYKIN WRIGHT, solicitor general, by brief, for the state.

HALL, Justice.

The defendant was indicted for larceny from the house, and was charged with stealing therefrom a bale of cotton, alleged in the indictment to be worth fifty dollars. On the trial, it was proved that the cotton was sold for thirty-

two dollars, and, under the charge of the court, the defendant was found guilty of a misdemeanor instead of a felony; that is to say, the jury found the cotton stolen to be worth less than fifty dollars, which fact made the larceny a misdemeanor. The proof showed that the defendant was employed by the owners of the gin-house from which the cotton was stolen, as a servant for wages, and among other duties, he was to aid in ginning cotton brought there by his master's customers; that he received and weighed it and put it in the gin-house; that, having to "fire" the engine by which the gin was run, early in the morning, he generally carried the keys to the house; at night he reported to the owner, who entered on his books the weights, receipts and deliveries of cotton during the day. More than two years had elapsed from the discovery of the theft before the indictment was preferred and found. It was further insisted, that the conviction was had upon the unsupported testimony of accomplices. A motion was made for a new trial, which was overruled, upon the grounds certified by the judge to be true, which made the following questions:

(1.) That the defendant had the possession of the cotton, and that his employer had not, and hence, if he was guilty of any offense, it was larceny after a trust, or embezzlement, and not larceny from the house.

(2.) That although the bill of indictment charged him with a felony, yet the evidence showed, if it established any crime at all, that he was guilty of a misdemeanor, and that the misdemeanor was barred by the statute of limitations; and that the judge erred in refusing so to charge.

(3.) That there was error in instructing the jury, that the evidence of accomplices in cases of misdemeanor did not require corroboration, in order to justify the jury in convicting on it.

1. If the cotton stolen had never been in the possession of the prosecutor, or if the defendant had bona fide acquired possession of it as a bailee, unless there had been a breaking of bulk or some other rupture of the condition

of the bailment, then the conclusion insisted on would have been inevitable; but none of the conditions exist here which would sustain the position taken   The cotton was in the possession of the prosecutor, it was in his gin-house to be ginned, packed and baled; the defendant never had it in his custody as a bailee.   He was there as a servant, assisting the prosecutor, with others, to gin and pack it. He had no other control over it, and the keys to the house were put in his possession only for a special purpose, viz.: to facilitate the work   The defendant was properly indicted for larceny from the house.   No trust was reposed as to the custody of this cotton, from which such a fraudulent conversion could have been deduced as would have subjected the party to indictment for larceny after a trust. 2 Wharton's Cr. Laws, §1905; Hopkins' Pen. Code, §1165, to which many other citations might be added.

2  The point made as to the statute of limitations is covered by *Clark's* case, 12 *Ga.*, 350, 352, in which it was held, that the statute applied to the offense for which the defendant was indicted, and not to any minor offense included therein, of which he might be found guilty on the traverse of that indictment.

3.  There is no complaint of the judge's charge as to the corroboration of the testimony of accomplices required to convict in felony cases.   In the absence of any exception, it must be presumed that the jury received proper instructions upon this question.   The objection here is, that the judge charged that such corroboration was not essential, if the jury should be of opinion that the offense amounted to nothing more than a misdemeanor.   There is no error in this instruction.   *Parsons'* case, 43  *Ga.*, 197, 199; *Hammack's* case, 52 *Ga.*, 398, 403.   Were it essential to maintain this conviction, we do not think it would be difficult to show that the accomplices who testified in this case are not without sufficient corroboration from other witnesses and unquestioned circumstances deposed to by those who are subject to no such discredit.

Judgment affirmed.