# CHARLESTON.

## STATE v. HARR *et als.*

Submitted February 15, 1916.　　Decided February 22, 1916.

1. CRIMINAL LAW—*Laboring on Sabbath Day—Validity of Warrant—Justices of the Peace.*

   The warrant of a justice, accusing one of laboring on a Sabbath day, in violation of section 16, chapter 149, serial section 5321, Code 1913, an offense of which the justice does not have jurisdiction, except to inquire into the fact of the offense, and to hold the accused to answer upon a presentment or indictment of the grand jury, is not void for failure to negative the exceptions in the statute, "household or other work of necessity or charity", and liable to be quashed. Section 219, chapter 50, serial section 2773, Code 1913; *Lacey* v. *Palmer*, 93 Va. 159; *Harding's Case*, 105 Va. 858; *Satterfield's Case, Id.* 867; *People* v. *Pichette*, 111 Mich. 461. (p. 638).

2. SAME—*Warrant—Sufficiency—Justices of the Peace.*

   But the rule is different where the warrant is for an offense of which the justice does have jurisdiction to try and pronounce judgment, as the warrant then stands in the place of a presentment or indictment, and must charge the offense with the same particularity as in a presentment or indictment, and when the exceptions are contained in the enacting clause, and descriptive of the offense, the exception must be negatived, so as to charge a complete offense under the statute. 22 Ency. Pl. & Pract. 1084; Mayo's Guide, 606; Harris on Sunday Laws, 265, section 302; *State* v. *Richards*, 32 W. Va. 348, 356; *Com.* v. *Hill*, 5 Gratt. 682; *Stockton* v. *Morris*, 39 W. Va. 443; 1 Am. Rul. Cases, 785. (p. 638).

3. INDICTMENT AND INFORMATION—*Laboring on Sabbath Day.*

   Neither a justice nor a circuit court, on appeal, having jurisdiction to try and pronounce judgment for an offense committed under said section 16, chapter 149, serial section 5321, Code 1913, such an offense is punishable only upon the presentment or indictment of a

grand jury. Const. W. Va. Art. III, section 4; section 219, chapter 50, Code 1913. (p. 638).

4. Same—*Appeal—Decision—Limitations.*

When upon appeal from the judgment of conviction of the circuit court it appears that the offense charged is already barred by the statute of limitations, the judgment below should be reversed and the accused discharged from further prosecution. The commencement of a prosecution is the date of the presentment or indictment. *Commonwealth* v. *Christian,* 7 Gratt. 631; *State* v. *Beasley,* 21 W. Va. 781; *Boyle* v. *Commonwealth,* 14 Gratt. 674, note. (p. 639).

Error to Circuit Court, Tucker County.

J. R. Harr and others were convicted of laboring on a Sabbath day, and bring error.

*Reversed and defendants dismissed.*

*D. E. Cuppett,* for plaintiffs in error.

*A. A. Lilly,* Attorney General and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

Miller, Judge:

The warrant issued by the justice charged defendants with unlawfully laboring at digging potatoes on Sunday, in violation of section 16, chapter 149, serial section 5321, Code 1913. It did not negative the exceptions contained in the enacting clause of the statute, "household or other work of necessity or charity." And the justice assuming jurisdiction of the offense proceeded to try, convict, and pronounce judgment against defendants; and upon appeal by them to the circuit court that court overruled their motion to quash and for a new trial, and upon the verdict of guilty, pronounced the judgment of fine and costs complained of.

We do not find in section 219, chapter 50, serial section 2773, Code 1913, defining the jurisdiction of a justice of offenses committed in his county, or in any other statute, any jurisdiction of offenses under section 16, chapter 149, serial section 5321. Such jurisdiction is not conferred by any specific provision of said section 219, nor is it covered by the general provision of the fourth paragraph of said section, "any other case where the punishment is limited to a fine not exceeding ten dollars, or to imprisonment not more than ten

days.'' The fine authorized for violation of said section 16, chapter 149, is not limited to ten dollars. The minimum fine prescribed is five dollars, but the maximum fine is not prescribed, and is only limited by section 5, of Article III, of the Constitution, prohibiting the imposition of excessive fines.

Both the justice and the circuit court upon appeal, therefore, being without jurisdiction, except to hold the accused to answer a presentment or indictment of the grand jury, the judgment below is absolutely void, and should be reversed; and as now we see the offense of which defendants were accused is barred by section 10, chapter 152, serial section 5467, our only course is to reverse the judgment and to do what the circuit court, on a remand of the cause, would be bound to do, namely, dismiss the case and discharge the defendants from further prosecution.

*Reversed and defendants dismissed.*