### 8511. SIKES *v.* THE STATE.

The provisions of the statute of limitations applicable to an indictment for voluntary manslaughter will not bar a conviction of that offense under an indictment for murder; there being no statutory limitation as to indictments for murder.

DECIDED MAY 11, 1917.

Indictment for murder—conviction of manslaughter; from Evans superior court—Judge Sheppard. January 22, 1917.

*J. B. Moore, J. J. E. Anderson, Hines & Jordan,* for plaintiff in error. *W. F. Slater, solicitor-general,* contra.

WADE, C. J.  1.  Under the ruling of the Supreme Court in *Jinks* v. *State*, 114 *Ga.* 430 (40 S. E. 320), "the statute of limitations applicable in the trial of a criminal case is that which relates to the offense charged in the indictment, and not that which relates to any minor offense of which the accused might be convicted under the indictment."  In *Reynolds* v. *State*, 1 *Ga.* 222, it was held that "the statute of limitations does not run against an indictment found for murder, though on the traverse the prisoner is found guilty of manslaughter only."  See also *Clark* v. *State*, 12 *Ga.* 350; *Wall* v. *State*, 75 *Ga.* 474.  In *Troup* v. *State*, 17 *Ga. App.* 387 (2) (87 S. E. 157), it was held, in conformity with these rulings of the Supreme Court, which are binding as authority upon this court, that, "there being no statute of limitations as to the offense of murder, one charged with that crime may be found guilty of assault with intent to murder, although the indictment charging the offense of murder is returned twenty-one years after the commission of the alleged offense."

(*a*)  The defendant was convicted of the offense of voluntary manslaughter, under an indictment charging him with murder, which was found approximately nineteen years after the homicide occurred.  Under the rulings of the Supreme Court above referred to, his conviction can not be set aside upon the ground that the offense of which he was found guilty was barred by the statute of limitations; for there is no statute of limitations for the offense of murder, the crime charged in the indictment.

(*b*)  This court declines to certify to the Supreme Court the question here ruled upon, or to request that court to review its several decisions cited above, since an opportunity is now afforded to the plaintiff in error to obtain a review of the said rulings, by application to the Supreme Court for the writ of certiorari, as authorized by the amendment to the constitution of 1916.

2.  Upon careful review of all the several grounds of the motion for a new trial, taken in connection with the entire charge of the court, we find no error which would require a reversal of the judgment overruling the motion for a new trial.

3.  The evidence sufficiently supported the verdict.

*Judgment affirmed.  George and Luke, JJ., concur.*