[Crim. No. 733.    First Appellate District. Division One.—December 21, 1918.]

## THE PEOPLE, Respondent, v. CARLOS D. MEYERS, Appellant.

CRIMINAL LAW—PETIT LARCENY—STATUTE OF LIMITATIONS.—Under section 801 of the Penal Code one charged with the felony of grand larceny cannot be convicted of petit larceny, where the crime was committed more than one year before the information was filed.

ID.—INSUFFICIENCY OF EVIDENCE.—In this prosecution for grand larceny, in which the defendant was convicted of petit larceny, the evidence is held to be insufficient to support a conviction of petit larceny.

ID.—EVIDENCE—DIFFERENT INFERENCES—APPEAL.—The mere fact that an appellate court is of the opinion that certain evidence is reasonably susceptible of either the inference of guilt or the inference of innocence does not warrant interference by that court with the conclusion of the jury.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial. A. B. McKenzie, Judge. Reversed.

The facts are stated in the opinion of the court.

John D. Rutledge for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and James F. Brennan for Respondents.

BEASLY, J., *pro tem.*—The defendant was charged with the crime of grand larceny. An information charging the offense was filed on the twenty-ninth day of May, 1917, in the superior court of Contra Costa County. A demurrer to this information was sustained, and subsequently, on the eleventh day of September, an amended information charging the same offense was filed. Defendant was arraigned on this amended information, and was thereafter tried and convicted of the crime of petit larceny. From the judgment and order denying a new trial defendant appeals.

In seeking a reversal of the judgment it is not contended, nor could it be, that there is not sufficient evidence in the rec-

ord to prove that the stolen property was taken by defendant, the evidence upon that subject being ample; but it is claimed as grounds therefor that the evidence fails to show that the crime of petit larceny, of which the defendant was convicted, was committed within one year before the information was filed as prescribed by the statute. (Pen. Code, sec. 801.)

The felony here charged included the lesser offense of which defendant was convicted. In such a case, though the felony be not barred, where the statute has run as to such lesser offense, it cannot be evaded by the indictment of the defendant for the felony. (*Letcher* v. *State*, 159 Ala. 59, [17 Ann. Cas. 716, 48 South. 805]; 8 R. C. L. 133.) It was incumbent, therefore, upon the prosecution to prove not only the commission of the offense, but also that it was committed within the statutory period. The jury was instructed that in order to find the defendant guilty of petit larceny, the property must have been taken within one year preceding the filing of the information. The verdict is, therefore, tantamount to a finding that the misdemeanor was committed within the period limited. There is no positive or direct evidence in the record as to the exact date of the commission of the theft, but it is claimed in support of the conviction that there is sufficient evidence to justify the inference that the crime was committed within one year.

It appears from the record that the defendant Meyers entered the employ of the Great Western Electro-Chemical Company, a corporation, of Pittsburg, California, as a draughtsman, in March, 1916. One of his duties was to see that none of the maps, plans, or blue-prints were taken from the office of the company. Defendant left the employment of the defendant on February 1, 1917. Throughout the year of his employment defendant had charge of the blue-prints and worked on some of them, and during his employment he appropriated a number thereof, comprising about seventy per cent of a complete set of the plans. Part of the set appropriated, twenty-eight sheets in number, were found concealed in defendant's residence in Pittsburg. These sheets are the subject of the misdemeanor for which he was convicted. The company first missed its property in December, 1916, within six months before the date of the filing of the information. On March 1, 1917, during a conversation between himself and one Mooser at a restaurant in Oakland, defendant admitted

that he had all the blue-prints of the company. On March 31, 1917, he first denied and later admitted to one Shedler, superintendent of the company, that he had some of the blue-prints of the company in his possession. He also pointed to a little report which he had made up and said, "You should have pulled this off two months ago—the damage is done—the work is complete."

In a former decision in this case we concluded that this statement indicated a recent acquisition of the blue-prints and some evidence that they were taken about two months prior to March 31, 1917, the date of the foregoing conversation. Upon further consideration of this evidence we are of the opinion that it is equally susceptible of the inference that the purpose for which the property was taken had been accomplished, or other inferences having no relation to the time of the commission of the offense, and that the evidence on this point does not measure up to the requirements of the law to uphold a conviction.

Counsel further contend that there is no evidence showing that the property stolen by defendant had any value, and that defendant having the custody of the prints could have reproduced them without committing any crime for a few dollars. Considering the conclusion we have reached a discussion of this and other questions becomes unnecessary.

The judgment is reversed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1919, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied.

In denying the petition we deem it proper to say that the mere fact that an appellate court is of the opinion that certain evidence is susceptible of two reasonable inferences, one looking to the guilt of the defendant and the other to his innocence, does not warrant interference by the appellate court with the conclusion of the jury on the point. It is for the

jury and the trial judge to determine the question of fact in such a case, and their conclusion will be sustained by an appellate court if it finds sufficient support in the evidence, including such inferences as may reasonably be drawn therefrom.   The difficulty in the case at bar, taking the facts stated by the district court of appeal as the facts of the case, is that there was no testimony reasonably warranting an inference by the jury that the property alleged to have been stolen was stolen within one year prior to the filing of the information.

Angellotti, C. J., Sloss, J., Melvin, J., and Lennon, J., concurred.