# CHARLESTON.

### STATE v. CULLY VINEYARD.

Submitted November 25, 1919.   Decided December 5, 1919.

1. INDICTMENT AND INFORMATION—*No Conviction of Assault and Battery Under Indictment for Murder in Statutory Form.*

     On an indictment for murder in the statutory form, the accused cannot be convicted of assault and battery, because that offense is not necessarily included in the higher offense expressly charged. (p. 294).

2. HOMICIDE—*Verdict Void for Uncertainty.*

     A verdict found on such an indictment, acquitting the accused of murder of both degrees and voluntary manslaughter, and then saying the jury find him guilty as charged in the indictment, except as to the charges of murder and voluntary manslaughter, "but do not decide as between the charge of involuntary manslaughter and assault and battery, as therein charged," is void for uncertainty, except as to its findings in favor of the accused. (p. 294).

3. CRIMINAL LAW—*Disapproval of Erroneous Instruction on Award of New Trial on Second Writ of Error.*

     An erroneous instruction approved on a writ of error on which a new trial is allowed for other errors and repeated on such new trial, may be disapproved on reversal of the judgment and award of a new trial on a second writ of error, for insufficiency of the verdict. (p. 296).

4.   SAME—*Capacity to Commit Crime a Question for the Jury.*

Capacity to commit a crime is a question to be determined by the jury from the age, appearance and conduct of the accused, both at the time of commission of the offense charged and at the time of trial, wherefore the trial court may properly refuse to direct a verdict of acquittal, on the ground of lack of independent, direct and express evidence of such capacity. (p. 296).

5.   SAME—*Repitition of Instruction Given.*

It is not error to refuse requests for repetition of instructions given, in altered forms.   (p. 297).

6.   SAME—*Decision as to Propriety of Procedure to Which No Sufficient Exception Has Been Taken.*

On the award of a new trial, founded upon well taken exceptions, an appellate court may, in its discretion, pass upon the propriety of procedure disclosed by the record, to which no sufficient exception has been taken, for the purpose of such new trial.   (p. 297).

Error to Circuit Court, Roane County.

Cully Vineyard was convicted of involuntary manslaughter, his motions for new trial and in arrest of judgment were denied, and he brings error.

*Reversed and remanded.*

*Harper & Baker,* for plaintiff in error.

*E. T. England,* Attorney General, and *Charles Ritchie,* Assistant Attorney General, for the State.

POFFENBARGER, JUDGE:

On this second writ of error in the case reported in 81 W. Va., 98, to a judgment rendered as upon a verdict of guilty of involuntary manslaughter, returned by the jury in the new trial awarded, the assignments of error go to the form and substance of the verdict, admission of certain evidence, the giving of an instruction at the instance of the state, refusal of instructions for the prisoner, remarks of counsel in the argument of the case and the motion for a new trial and in arrest of judgment.

The judgment will have to be reversed for lack of a sufficient verdict on which to base it.   There is a verdict of acquittal as to murder and voluntary manslaughter, but no verdict of conviction of any offense by name or in legal effect.   After having

acquitted the accused to the extent above indicated, the verdict proceeds as follows: "We the jury do find the defendant Cully Vineyard guilty, as charged in the indictment with the above exceptions, but do not decide as between the charge of involuntary manslaughter, and assault and battery, as therein charged." In this revelation of inability to agree upon the offense of which the jury deemed the accused to be guilty, the verdict seems to be an unprecedented one. In substance and effect it amounts to a report of disagreement or inability to agree upon a finding as to the vital issue submitted to the jury. It necessarily negatives a finding of guilt of involuntary manslaughter, which the charge made in the indictment included and of which the accused could have been found guilty. If there could have been a conviction of assault and battery under the indictment, the terms of the verdict exclude it also. Evidently, some of the jurors were unwilling to concur in a verdict of guilty of manslaughter, because they did not believe the accused had committed that offense; and others unwilling to concur in a verdict of guilty of assault and battery, because they believed him to be guilty of the higher offense. The court seems to have adopted the theory of guilt of the lower offense, because all of the jurors must have believed the accused was guilty of it at least. All of them seemed to be willing to go that far, and part of them still further. The faultless logic of that theory, however, neither constitutes a sufficient basis for a judgment nor amounts to a correct interpretation of the verdict. That, in the absence of a waiver of the right of trial by jury, which the law permits in civil cases and some classes of criminal cases, a verdict finding the accused guilty is essential to a judgment inflicting punishment for an offense, is obvious. It is equally clear that, when a jury is unable to agree upon a verdict, the court cannot supply it, however clearly the judge may be able to see that every member of the jury is convinced of the guilt of the prisoner. Determination of that issue lies within the exclusive province of the jury. There must be a finding by the jury, and the verdict containing it must be recorded, before there can be a judgment.

Except in instances in which a statute requires it, a verdict of guilty as charged in an indictment for an offense which necessarily includes others, is sufficiently certain. It need not, in

such cases, specify the offense or the degree, unless a statute requires it to do so. *Moody* v. *State,* 1 W. Va. 337; *People* v. *Gilbert,* 60 Cal. 108; *State* v. *Treadwell,* 54 Kans. 513; *State* v. *Robb,* 90 Mo. 30. But, in that event, the prisoner is deemed to have been found guilty of the crime charged, not a lower and inclusive one, wherefore the verdict is certain, in the sense that it specifies the offense. The verdict under consideration here is certain as to the guilt of the defendant, but it discloses on its face and by express words, that it does not ascertain and fix the offense of which he is guilty and that, as to it, the jury were unable to agree and did not determine it. Hence, there is either no verdict of conviction at all or one wholly insufficient because of its uncertainty.

If the theory of the trial court has been correctly surmised, it fails for an additional reason. On an indictment for murder in the statutory form, there can be no conviction of assault and battery, because the offense is not necessarily charged in the indictment. *State* v. *Lutz,* decided contemporaneously with this case. Although an instruction warranting conviction of assault and battery on the indictment was inadvertently approved in the opinion delivered on the former writ of error, in the absence of any challenge of the correctness thereof, on the ground of non-inclusion of that offense in the indictment, it must be disapproved for the purposes of the new trial to be awarded on this writ of error. The trial court may not have erred in repeating it after such approval. As to that, it is unnecessary to express an opinion, in view of inevitable reversal upon another ground. A verdict convicting the accused of assault and battery, under this indictment, and a judgment thereon would be void, whether, technically, there was error in giving the instruction or not. *Moore* v. *State,* 59 Miss. 25. Upon principles stated in *Wiggin* v. *Marsh Lumber Co.,* 79 W. Va. 651, *Culp* v. *Virginian Railway Co.,* 80 W. Va. 98, and *Pennington* v. *Gillaspie,* 66 W. Va. 643, it may now be disapproved for the purposes of further procedure.

Presumptively on account of lack of independent, direct and express evidence of the capacity of the accused to understand and fully comprehend the nature and consequences of the act resulting in the death of the boy he cut, he being of tender years at

the time of the unfortunate occurrence, the court was requested to give a peremptory instruction to find him not guilty. This request was properly refused, for his age, appearance and conduct at the time of the commission of the offense and at the time of the trial, afforded a sufficient basis for a finding of such capacity. *State* v. *Williams,* 40 W. Va. 268; *State* v. *Toney,* 15 S. C. 409; *Wusnig* v. *State,* 33 Tex. 651.

The accused requested six instructions respecting the issue as to his capacity to comprehend the nature of his act, three of which the court gave. He complains of the refusal of the other three. Those given sufficiently cover the applicable legal propositions pertaining to the subject and substantially include every proper one found in the others. The prisoner has had the benefit of all the instructions he was entitled to, respecting that phase of the case; and some of them may have accorded him more than was due him. As the state has not challenged the correctness of any of those given, we neither approve nor condemn them.

Although, after a previous conviction of involuntary manslaughter, on the indictment, the prisoner could not be convicted, in a subsequent trial on the same indictment, of any offense higher than involuntary manslaughter, because of the constitutional inhibition of second jeopardy, it was not improper to admit the evidence of a physician describing the injury of the deceased, narrating the surgical treatment administered and stating the time and cause of his death. The state had obvious right to prove the nature and consequences of the injury, even though revelation thereof might excite horror and pity on the part of the jury. It was necessary to prove the death and its cause to make out a case of involuntary manslaughter.

The remarks of the prosecuting attorney in argument, complained of, were manifestly improper. The remand of a case for a new trial carries no presumption or implication of sufficiency of the evidence, in the opinion of the appellate court, to sustain a verdict. But it may be doubted whether any foundation for an exception was laid. The bill of exceptions shows no protest to the court against the argument nor any request for a direction to the jury to disregard it. As a new trial is to be awarded for other reasons already stated, our disapproval of

the remark ought to be a sufficient guaranty against repetition thereof, wherefore there is no occasion to inquire whether there is a sufficient exception.   No reason is perceived why we cannot pass upon the propriety of the remark for the purposes of a new · trial granted upon other grounds.

For the errors noted, the judgment will be reversed, the insufficient verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*