## No. 10,314.

## DROTT *v*. THE PEOPLE.

Decided May 1, 1922.

Plaintiff in error was convicted of burglary and larceny.

*Reversed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Limitations.* Where a criminal information charges grand larceny, that will not prevent the operation of the statute of limitations where the offense proves to be of a lesser grade, prosecution for which is barred by the statute.

2. *Burglary and Larceny—Evidence.* In a trial for burglary and larceny, evidence concerning articles not properly involved in the transaction, and which would prejudice the jury, should be excluded.

3. *Evidence—Order of Proof.* In a criminal case it is error to permit the introduction of testimony in rebuttal, which is clearly a part of the state's evidence in chief.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for plaintiff in error.

No appearance for the people.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error was convicted under both counts of an information charging him, first, with burglary, and, second, with grand larceny. The information charged that these offenses were committed on the 29th day of November, 1917. The information was filed on the 22nd day of

November, 1920. The conviction under the second count was of larceny of goods of the value of $17.60. The offense was therefore a misdemeanor.

For the plaintiff in error it is contended that more than eighteen months having elapsed after the time at which the offense of larceny charged in the second count was committed, the case was barred by section 1949, R. S. 1908, which requires prosecution for a misdemeanor to begin within eighteen months from the time of the committing of the offense.

The language of the statute is perfectly clear, and although the offense charged was grand larceny, that does not prevent the operation of the bar of the statute. To prevent the operation of the bar by charging a crime of a higher grade not within the bar would nullify the statute. The prosecution being barred, the conviction on the second count was void. *Hammock v. State,* 116 Ga. 595, 43 S. E. 47; *People v. Di Pasquale,* 161 App. Div. 196, 146 N. Y. Supp. 523; *People v. Picetti,* 124 Cal. 361, 57 Pac. 156.

It is further contended that the conviction under the first count should be set aside because of the admission of improper evidence over the objection of the defendant. It appears that on a search of defendant's premises, under authority of a search warrant, several small tools were found, a few of which were identified as having been in the house of the prosecuting witness at the time of the supposed burglary. There was also found a saddle and wagon box, and identified by the prosecuting witness as his property, although there was no evidence as to when, or from what place the saddle and wagon box were taken from his possession. There was extensive examination of witnesses upon the question of ownership, and identification, and upon the destruction of the wagon box by fire. The court instructed the jury that the possession of the saddle, wagon box and certain wringers could not be considered by the jury as evidence of burglary or larceny. It being plain from the record that the matter of the saddle, wagon box and wringers was not entitled to be con-

sidered in the case, the state should not have introduced evidence concerning them, because such evidence inevitably prejudiced the jury in spite of the court's instructions.

The prosecuting witness was allowed to testify in rebuttal as to an explanation made by the defendant of his possession of the saddle, though that evidence was clearly a part of the evidence in chief. Its admission was error. *Hardesty v. The People,* 52 Colo. 450, 121 Pac. 1023.

The court's instructions were extremely full and we find no error in them. It is difficult to see how the jury, under the instructions, found the defendant guilty.

The attorney general declines to file a brief herein.

For the reasons above stated the judgment is reversed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.