HENRY BLACKMON, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error.*

### Division A.

Opinion Filed August 2, 1924.

1. Where an indictment for murder in the first degree is found more than two years after the homicide occurred, there can be no conviction of the accused for any offense less than murder in the first degree, and a charge so instructing the jury is not erroneous.

2. Evidence examined and found sufficient to sustain the verdict.

A Writ of Error to the Circuit Court for Suwannee County, M. F. Horne, Judge.

Affirmed.

*J. L. Blackwell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

BROWNE, J.—The plaintiff in error was convicted of murder in the first degree with a recommendation to mercy, on an indictment found on July 4th, 1923, that charged the homicide to have been committed on the 28th day of March, 1921.

The only error assigned is that the Court erred in overruling the defendant's motion for a new trial, the 3rd and 4th grounds of which are that the Court erred in giving these instructions to the jury.

"The crime charged by the indictment in this case is alleged to have been committed on March 28th, 1921, and

the indictment charging the defendants with murder was presented to the Court and filed on the 4th day of July, A.D. 1923, and for that reason you are charged that the defendant, Henry Blackmon, can not be found guilty of murder in the second degree, murder in the third degree, nor of manslaughter, and you are instructed that as to the defendant, Henry Blackmon, now in your charge, there is only one of two verdicts that you may render, one that is guilty of murder in the first degree, with a recommendation, and the other, that he is not guilty.

"If you find from the evidence in the case beyond a reasonable doubt, that the defendant killed John Powell, or assisted one of the other defendants to kill him, at the time and place and by the means alleged in the indictment, then you must find whether or not such killing or murder in the first degreee and you must state in your verdict of what offence you find the defendant guilty."

These charges must be considered in connection with and in relation to the evidence adduced on the trial, which conclusively established that the crime was committed before the 2nd day of April, 1921. There could therefore be no conviction of any degreee of homicide except murder in the first degree, as the indictment was not found until the 4th day of July, 1923, more than two years after the offence was committed. Had there been any conflict in the testimony as to the date when the crime was committed, or if there had been any uncertainty about whether or not it was committed within two years from the date of finding the indictment, the charge would have constituted reversible error.

In the light of the testimony, however, there was no error in giving the charges complained of.

The other grounds of the motion for a new trial relate

to the sufficiency of the evidence to support the verdict. There is no merit in this contention.

The judgment is affirmed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.