# CHARLESTON.

## STATE v. ELIHU BAKER

### (No. 5436.)

### Submitted April 27, 1926.   Decided May 11, 1926.

CRIMINAL LAW—*Warrant Charging Commission of Misdemeanor, Such as Carrying Pistol, More Than One Year Prior to Issuance Thereof Should be Quashed (Code, c. 148, § 7, c. 152 § 10).*

A warrant charging the commission of a misdemeanor more than one year prior to the issuance thereof should be quashed.

HATCHER, JUDGE, absent.

(Criminal Law, 16 C. J. § 341.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Elihu Baker was convicted of carrying a pistol contrary to law, and he brings error.

*Judgment reversed; verdict set aside; defendant discharged.*

*S. U. G. Rhodes,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

LITZ, PRESIDENT:

The defendant was convicted in the circuit court of Mingo county, on an appeal from a justice, for carrying a pistol in violation of Section 7, Chapter 148, Code.

It appears from the supplemental record that the original papers in the case, including the warrant on which the defendant was tried, were lost or mislaid after the writ of error had been granted; and that upon the petition of defendant before the trial court they were subsequently supplied. The warrant thus established, and which the defendant moved to quash before trial, reads:

"State of West Virginia,
     County of Mingo, to-wit:
To any Constable of said County:
     "Whereas Crit Hall of said County, this day made complaint and information on oath before me, J. L. Justice, a Justice of the Peace of Magnolia District, in said County, that _____ did commit a _____ in this that the said Elihu Baker on the 1st day of December, 1921, in the said County did carry about his person a pistol without having a State License therefor.

"Therefore, we command you in the name of the State of West Virginia, forthwith to apprehend the said Elihu Baker and bring him before me at my office or some other Justice of said County in the District of Magnolia in said County, to answer the complaint, and to be further dealt with according to law.

"Given under my hand, in my said District, this the 2nd day of December, 1924.
                 "J. L. Justice, J. P."

The trial court should have sustained the motion to quash if for no other reason than that the warrant charges a misdemeanor committed more than one year prior to its issuance. Section 10, Chapter 152, Code.

The judgment of the circuit court will therefore be reversed, the verdict of the jury set aside, and the defendant discharged.

*Judgment reversed; verdict set aside; defendant discharged.*