LEROY PERRY, *Plaintiff in Error*, VS. STATE OF FLORIDA, *Defendant in Error*.

137 So. 798.

Division A.

Opinion filed November 16, 1931.

*Campbell & McLean*, for Plaintiff in Error;

*Cary D. Landis*, Atty. Gen. and *Roy Campbell*, Asst. for Defendant in Error.

BUFORD, C.J.—In this case indictment was returned on July 2nd, 1930, charging the offense of murder in the first degree to have been committed by defendant on July 31st, 1927, in the unlawful killing of Alfonso Merritt.

The uncontradicted evidence is that the wounds of which Merritt died were inflicted by the accused on July 30th, 1927.

The defendant himself did not fix the date, but he did testify that he left the scene of the homicide soon after it was committed and went to Philadelphia, Pa., and that he arrived there on the 10th of August, 1927, and remained there until he was returned to Florida under the charge prosecuted.

The contention is made by the plaintiff in error that because one witness, Joe Allen, testified as follows, when being asked about the date of the occurrence, in reply to the question, ''What year was this?'', he replied, ''I think it was between 1928 and 1929, something like that. I do not know what year it was. I do not remember now''. This statement contains no evidence whatever as to the date of the alleged homicide and, therefore, constitutes no conflict with all the other evidence, including that of the defendant which was that the homicide was committed in July of 1927 or certainly prior to August 10th, 1927.

So it is that the trial court committed no error in refus-

ing to charge the jury the law as to unlawful homicides of a less degree than murder in the first degree, as all other degrees of unlawful homicide were barred by the statute of limitations.

It is further contended by plaintiff in error here that the refusal to give certain charges requested by the defendant in the court below constituted reversible error. We have carefully considered the charges, the refusal to give which is complained of, and find that neither of the requested charges were proper to be given under the facts in this case; that the matters sought to be brought to the attention of the jury by these charges were properly covered by the general charge given by the trial judge. Therefore, it appears that no reversible error occurred by reason of the refusal to give the requested charges.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.