[Crim. No. 1590. Third Appellate District.—January 31, 1938.]

THE PEOPLE, Respondent, v. MICHAEL E. ANGELO, Appellant.

J. W. Hawkins and A. J. Carlson for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was indicted for grand theft, being charged with the unlawful taking, on or about October 15, 1934, of the property of Tom Giahos, consisting of some $500 in lawful money of the United States.

Appellant was tried and found guilty of the crime of petit theft, and judgment was pronounced. From this judgment and from an order denying his motion for a new trial, this appeal is prosecuted.

It appears that on September 26, 1934, and for some 18 years prior thereto Tom Giahos, William Poulos and defendant Angelo had been associated as partners in a produce and grocery business. On September 26, 1934, Angelo purchased the undivided one-third interest of Giahos in said business, and immediately Giahos severed all relationship with the partnership, which was thereafter conducted by Angelo as the owner of a two-third interest, and Poulos as the owner of a one-third interest.

The sale from Giahos to Angelo was evidenced by a contract to purchase, by the terms of which Angelo agreed to pay Giahos $8,500 for the interest of Giahos, of which $5,000 was payable in cash, and the balance by a promissory note for $3,500 which note was subsequently paid in accordance with the terms thereof. A bill of sale was delivered at the time of the consummation of the deal, and recited that in consideration of the sum of $10 Giahos sold, assigned, transferred and conveyed to Angelo, all of his right, title and interest in and to the specified business including all of the stock in trade, furniture, fixtures, equipment and assets, the bill of sale reciting it was the intention of the seller to completely divest himself of any interest whatsoever in or to the business or building occupied thereby.

After these various papers evidencing the sale had been executed and delivered, Giahos and Angelo had a conversation wherein it is alleged that Giahos asked Angelo if he could give him a sum equal to one-third of the profits of the partnership for the months of August and September 1934, to which Angelo assented. It is growing out of the profits for September that this charge was filed.

It appeared that it was the custom of the bookkeeper of the partnership, at the end of each month to prepare a profit and loss statement. There had never been an accounting of the business, the profits being allowed to accumulate. When the profit and loss statement was prepared for September, it showed gross sales for the month of September of over $19,000, and an increase in the inventory from $12,000 to $16,000, with gross profits of over $3,700, and with a net profit of approximately $2,500. When Angelo examined this statement he stated that it showed too much net profit, as from his prior experience he knew that the gross profits should run about 13 per cent or 14 per cent, and the net profit about 5½ per cent to 6½ per cent of the gross sales.

It was then testified that certain sheets of the profit and loss statement were withdrawn, which reduced the amount of stock to approximately the figure that Mr. Angelo considered was a fair representation of the standing of the company. This readjustment showed a net profit of $885 for the grocery department and a net profit of some $336 for the vegetable department. Thereupon a check was drawn to Mr. Giahos for $407.03 which represented one-third of the profit

based upon the amended inventory of the two departments of the businesses. This check was delivered to Mr. Giahos, who accepted and cashed it. No demand was ever made by Giahos upon Angelo for any other money, and no demand for any accounting was ever made upon Angelo by Giahos.

It also appears that neither of the new partners, Angelo nor Poulos, ever drew any money from the concern except their stipulated salaries, and all monies earned by the business remained in the business, as well as all the accrued profits. During the trial an audit was made of the various inventory sheets prepared by the bookkeeper, which showed many errors and discrepancies.

At the conclusion of the hearing the court found that Giahos was entitled to an additional sum of $110, after deducting all credits to which Angelo was entitled, and the court found that this money belonged to Giahos, and had been entrusted to Angelo, and had by him been appropriated to his own use, and thereupon found Angelo guilty of petit theft.

The complete answer to this appeal is that the prosecution was barred by the statute of limitations. The record shows that the taking, upon which the indictment was based, occurred in the latter part of 1934, and the indictment was not presented until April, 1937. Section 801 of the Penal Code provides an indictment for any misdemeanor must be filed within one year after its commission. In *People* v. *Picetti*, 124 Cal. 361 [57 Pac. 156], the defendant was informed against for the crime of grand larceny but convicted of petit larceny. The crime had been committed more than one year prior to the time of the filing of the information. The judgment of conviction was reversed upon the ground the cause was barred.

This is a complete answer to the appeal, but we are urged to pass upon the various other points made by appellant in order that a reputable citizen in the community might not have against him the stigma of being accused of a crime and avoiding conviction thereof by relying upon the statute of limitations as a sole defense.

Points urged for reversal other than the legal defense of the statute are, first: The agreement by Angelo to give Giahos one-third of the net profits for the month of September was without consideration, and therefore an unenforceable contract. Second: No property belonging to Giahos was en-

trusted to Angelo, and therefore Angelo could not have been guilty of embezzlement. Third: Angelo did not convert any part of the September profits to his own use, and therefore could not have been guilty of embezzlement.

We have read the entire record presented to us in this case, from which it may be suspected the differences between these two business men was prompted more by personalities than by any apparent belief that a crime has been committed. No demand was ever made upon Angelo for the amount to which Giahos claimed he was entitled, nor was any request for any accounting ever made, nor any other steps which are usually taken when one is concerned in obtaining an adjustment of a business difference. We are considerably impressed also with the argument of the defendant that the transaction between himself and Giahos was completely consummated by the execution of the agreement to sell and the bill of sale, and the payment of the full consideration therein specified.

It appears to us that the subsequent payment by Angelo to Giahos of the net profits for August and September was perhaps prompted by a feeling of friendship existing between the partners of many years' standing, and not the result of any contract.

We are also impressed with the argument that inasmuch as none of the profits of the business for September were ever withdrawn by Angelo from the business, but all of the profits remained in the business, that it cannot be held that Angelo converted these profits to his own use.

However, for the reasons first given, the judgment and order must be reversed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.