STATE OF WEST VIRGINIA

*v.*

LEWIS M. KING
(No. 10659)

Submitted September 14, 1954. Decided October 26, 1954.

GIVEN, PRESIDENT, and HAYMOND, JUDGE, dissenting.

*Baker & Armistead* and *Chas. G. Baker,* for plaintiff in error.

*John G. Fox,* Attorney General, *Fred H. Caplan,* Assistant Attorney General, for defendant in error.

RILEY, JUDGE:

In this criminal prosecution of State of West Virginia against Lewis M. King, the defendant was indicted by a grand jury convened at the October term, 1953, of the Circuit Court of Monongalia County, for the commission of a felonious assault. Upon arraignment the defendant entered a plea of "Not guilty". A trial by jury was had, at which the defendant was found guilty of assault and battery. The defendant then moved the circuit court that the verdict be set aside and a new trial awarded, and that the circuit court arrest judgment because of errors manifest on the record. Upon the overruling of defendant's motions, the defendant moved that he be discharged from custody, which motion was likewise overruled. The trial court, acting on the basis of the verdict of the jury, sentenced the defendant to be confined in the jail of Monongalia County for the period of one year and until the costs awarded against the defendant should be paid. To the judgment of conviction and the order of the trial court in overruling defendant's motion that he be discharged from custody, this writ of error is prosecuted.

The indictment, containing two counts, charged the defendant with felonious assault, that is, malicious assault under Code, 61-2-9, which section provides expressly that both malicious and unlawful assault are felonies. The first count of the indictment charges that on the _____ day

of October, 1951, the defendant made an assault upon one Phillip Michael Harner and "the said Phillip Michael Harner, unlawfully, feloniously and maliciously did shoot, cut, stab and wound, and did thereby cause him bodily injury, with intent him, * * *, then and there to maim, disfigure, disable and kill." The second count of the indictment charges that the defendant on the _____ day of October, 1951, forced Phillip Michael Harner to sit on a bucket of ice for a long time in the nightime and, with his foot, did "force the said Phillip Michael Harner to sit on the screening and register of a floor furnace when the said screening and register of said floor furnace were hot, and did unlawfully, feloniously and maliciously cut, wound and burn the said Phillip Michael Harner, with intent * * * then and there to maim, disfigure, disable and kill."

The indictment was found under the first part of Code, 61-2-9, which, in providing for malicious assault and the penalty therefor, employs the following language: "If any person maliciously shoot, stab, cut or wound any person, or by any means cause him bodily injury with intent to maim, disfigure, disable or kill, he shall, except where it is otherwise provided, be guilty of a felony, and, upon conviction, shall be punished by confinement in the penitentiary not less than two nor more than ten years."

The crime charged in the indictment to have been committed in October, 1951, is a felony, not only from the express wording of the statute under which the indictment was had, but under Section 1, Article 11, Chapter 61, Acts of the Legislature, Regular Session, 1947, amending and reenacting Code, 61-11-1, classifying offenses as being either felonies or misdemeanors, which provides: "Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors." Notwithstanding the defendant was charged in the indictment with having committed a felony, he was by the verdict of the jury found guilty of assault and battery, which is a misdemeanor.

Simple assault, as distinguished from malicious assault and unlawful assault, is an offense at common law, and

punishable as a misdemeanor. *State* v. *McKain,* 56 W. Va. 128, 49 S. E. 20; *Canada* v. *Commonwealth,* 22 Gratt. (63 Va.) 899; 2 M. J., Assault and Battery, Section 1. In the syllabus of the *McKain* case, this Court held: "Assault and battery is an offense at common law, and cognizable as such by our circuit courts, and other courts which exercise like jurisdiction in such cases. Upon conviction of the accused upon an indictment for assault and battery, the court may impose upon him a fine, or imprisonment, or both, at its discretion, limited only by the constitutional inhibition that excessive fines shall not be imposed, nor cruel and unusual punishment inflicted."

The defendant, having been indicted for a felony under Code, 61-2-9, which includes, though not expressly, the misdemeanor of assault and battery, and having been convicted of assault and battery, the sole question presented by this record is whether the conviction for a misdemeanor is void under Code, 61-11-9, the pertinent part of which reads: "A prosecution for a misdemeanor shall be commenced within one year after the offense was committed, * * *."

The attorney general relies upon Code, 62-3-14, which provides: "If a person indicted for a felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced by the court for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor"; and upon the language of this Court in *State* v. *Smith,* 130 W. Va. 183, 43 S. E. 2d 802, in which this Court, in construing Code, 62-3-14, stated that "The fact that under Code, 62-3-14, a misdemeanor verdict may be returned and that the court may instruct the jury, as here, concerning only a misdemeanor conviction because in its judgment the evidence justifies that only, does not alter the fact that trial under an indictment drafted in the language of Code, 61-2-9, must be regarded as a felony prosecution; * * *." This Court stated in the opinion in the Smith case, that the defendant could not have been convicted of a felony, for the reason that the word

"feloniously", which the Court stated is "a word of art, necessarily used in a felony indictment * * *", was omitted from the indictment. In the *Smith* case the Court, in reversing the judgment of conviction, setting aside the verdict of the jury, and awarding defendant a new trial on the basis of the trial court's error in giving over defendant's objection State's instruction No. 1, addressed itself to the question whether a conviction for a misdemeanor could be had under an indictment, drawn under Code, 61-2-9, though the indictment, as an indictment for a felony is defective, because the word "feloniously" was omitted therefrom, and stated: "However, in spite of the fact that no misdemeanor is mentioned in the section under which the indictment was drawn, plainly under the provisions of Code, 62-3-14, a verdict for a simple assault punishable as for a misdemeanor, and not based upon a finding of intention to permanently injure, is to be sustained." Bearing more pertinently on the question immediately before us is the case of *State* v. *Craft,* 131 W. Va. 195, 47 S. E. 2d 681, in which this Court affirmed a judgment of conviction of assault and battery, though the conviction was had under an indictment charging that defendant in violation of the provisions of Code, 61-2-9, committed a felonious assault.

It is to be noted that notwithstanding the language used by this Court in the *Smith* case, which perhaps was broader than necessary for the actual decision of the case, both the *Smith* case and the *Craft* case simply held that a conviction for assault and battery, which is a misdemeanor, may be had under an indictment charging the felonies provided for by Code, 61-2-9. However, neither the *Smith* case nor the *Craft* case, nor any other case decided in this jurisdiction, has held that the provision of Code, 61-11-9, that "A prosecution for a misdemeanor shall be commenced within one year after the offense was committed * * *", will not bar a conviction for a misdemeanor had under an indictment charging a felony, notwithstanding the felony charged in the indictment is subject to no limitation.

Initially, counsel for defendant argues persuasively that if the conviction in the case at bar is permitted to stand, a prosecuting attorney, by procuring an indictment for a felony, which includes a misdemeanor, which is barred by the limitation in Code, 61-11-9, could, nevertheless, prosecute the accused for a misdemeanor.

In *People* v. *DiPasquale,* 146 N. Y. S. 523, the New York Supreme Court, Appellate Division, discussed the question whether a defendant who is suspected of having committed a felony, other than murder, the indictment for which is required under New York Code of Criminal Procedure, Section 142, had to be found within five years after the commission of the crime, unless where a less time is prescribed by statute, may be deprived of the benefit of the statute by an indictment for murder. Inveighing against such situation, the New York Court reversed a judgment of conviction of an attempt to commit murder in the second degree, though defendant was indicted for the crime of murder in the second degree.

The attorney general, however, counters by arguing that the position of defendant's counsel would require that laws be enacted on the presumption that public officers are unscrupulous and that grand juries are under their complete control. Quoting the maxim *"omnia presumuntur rita esse acta",* the attorney general asserts that the maxim has been repeatedly followed by this Court. See *Vorholt* v. *Vorholt,* 111 W. Va. 196, 200, 160 S. E. 916.

As members of juries, both grand and petit, and public officers are, except in very rare instances, imbued with a high sense of responsibility, which prompts them to perform the duties imposed upon them by law scrupulously and fairly, this Court is well aware that the maxim quoted above has a sound historical basis. This case, however, involves the liberty of the accused. Only after deliberate consideration should this Court permit a mere presumption, though historically grounded, to outweigh the possibility that an accused, whose guilt at most does not extend beyond the commission of a misdemeanor, may be sub-

jected to prosecution for the misdemeanor by the procurement of an indictment for a felony, which embraces the misdemeanor, though Code, 61-11-9, would bar an indictment against the accused for the misdemeanor in the first instance. We. are, therefore, unwilling to permit the presumption, though historically established, to outweigh such possibility, and therefore examine the cited statutes, Code, 61-11-9, and Code, 62-3-14, to ascertain the intention of the Legislature in their enactment and their applicability to the facts of this case.

The controlling statutory provision, as heretofore indicated, is contained in Code, 61-11-9, which provides that "A prosecution for a misdemeanor shall be commenced within one year after the offense was committed, except that a prosecution for petit larceny may be commenced within three years after the commission of the offense: * * *."

The general rule, as stated in 22 C. J. S., Criminal Law, Section 225 b. is "As a general rule, one indicted for an offense not barred by limitation, but convicted of a lesser included offense which is so barred, is entitled to discharge"; and in 15 Am. Jur., Criminal Law, Section 343: "It frequently happens that a charge of felony includes an offense of a lower grade with a different period of limitation, so that, while the felony is not barred, the statute has run as to the lesser offense. In this situation, the rule is that if the statute has not run against the felony, while the lesser offense is barred, the bar cannot be evaded by indicting the defendant for the felony and convicting him of the lesser offense."

The attorney general, however, takes the position that Code, 62-3-14, read in *pari materia* with the provision of the statute, limiting the prosecution for a misdemeanor contained in Code, 61-11-9, renders the case at bar a prosecution for a felony, so as to make Code, 61-11-9, inapplicable, and take this case outside the scope of the general law, aptly set forth in the above quotations from 22 C. J. S., Criminal Law, Section 225 b, and 15 Am. Jur., Criminal Law, Section 343.

This position, in our opinion, misconceives the purpose which the Legislature had in enacting Code, 62-3-14. In the first place, as heretofore indicated, notwithstanding the broad language of this Court in the case of *State* v. *Smith, supra,* the decision in neither the *Smith* case nor in the more recent case of *State* v. *Craft, supra,* establishes the rule contended for by the attorney general that by virtue of the provisions of Code, 62-3-14: if a person is indicted for a felony, which includes a misdemeanor, the case is a prosecution for a felony, notwithstanding the misdemeanor is not expressly included in the statutory definition of a felony upon which the indictment was had. The holdings in both the *Smith* and *Craft* cases, in our opinion, extend no further than that under Code, 62-3-14, the accused in a trial on an indictment charging a felony, which includes a misdemeanor, may be found not guilty of the felony charged in the indictment, but guilty of a misdemeanor which is an inherent part of the felony charged. Code, 62-3-14, should not, in our opinion, be given the effect contended for by the attorney general: it simply provides for a rule of criminal pleading. In *People* v. *DiPasquale, supra,* the Appellate Division of the Supreme Court of New York, in a case involving a similar statute, namely, the New York Penal Law, Section 610, which provided that on the trial of an indictment there may be a conviction of the crime charged therein, or of a lesser degree of it, or an attempt to commit it or a lesser degree, held that the statute "is a rule of pleading."

If the defendant had in the first instance been indicted for assault and battery, the crime for which he was convicted, or had been prosecuted for assault and battery before a justice of the peace of Monongalia County, pursuant to the provisions of Code, 50-18-1, as amended and reenacted by Section 1, Article XVIII, Chapter 30, Acts of the Legislature, Regular Session, 1935, and Section 1, Article 18, Chapter 107, Acts of the Legislature, Regular Session, 1947, a conviction for assault and battery, being a conviction for a misdemeanor, would be barred by the limitation statute contained in Code, 61-11-9. The State,

however, in the instant case proceeded to prosecute the defendant for malicious and unlawful wounding under Code, 61-2-9, which crimes prescribed by Code, 61-2-9, being felonies, the State complied with the provision of West Virginia Constitution, Article III, Section 4, which provides that: "No person shall be held to answer for treason, felony or other crime not cognizable by a justice, unless on presentment or indictment of a grand jury." As a result the defendant was effectively indicted for felonious wounding under Code, 61-2-9, which crime, as heretofore indicated, embraces the misdemeanor of assault and battery. That the indictment found by the grand jury of Monongalia County constitutes the beginning of a prosecution for an offense against the State, appears clearly from Code, 62-2-1, which provides: "Prosecutions for offenses against the State, unless otherwise provided, shall be by presentment or indictment." The indictment under which the defendant was convicted was rendered on October 9, 1953, as shown by the date thereof, and charges the defendant with having committed an alleged felonious assault "on the _____ day of October, 1951."

After careful consideration of the limitation provision, contained in Code, 61-11-9, read in *pari materia* with Code, 62-2-1, and with full realization that if the defendant had in the first instance been indicted for assault and battery, or if the defendant had been prosecuted for assault and battery before a justice of the peace, pursuant to the provisions of Code, 50-18-1, as amended, the defendant's conviction, being for a misdemeanor, would have been void, it necessarily follows, and we are of opinion, that, notwithstanding in the case at bar the defendant was indicted for a felony, his conviction for assault and battery is barred by the limitation statute.

Our holding in this regard is accordant with the great weight of American authority. *People* v. *Angelo,* 24 Cal. App. 2d 626, 75 P. 2d 614; *People* v. *Meyers,* 39 Cal. App. 244, 178 P. 965; *Hickey* v. *State,* 131 Tenn. 112, 174 S. W. 269; *People* v. *DiPasquale, supra; People* v. *Burt,*

51 Mich. 199, 16 N. W. 378; *Letcher* v. *State,* 159 Ala. 59, 64, 48 So. 805; *Fulcher* v. *State,* 33 Tex. Cir. 22, 24 S. W. 292; *Spears* v. *State,* 26 Ala. App. 376, 160 So. 727; *Presnal* v. *State,* 23 Ala. App. 578, 129 So. 480; *Drott* v. *People,* 71 Col. 383, 206 P. 797; *Perry* v. *State,* 103 Fla. 580, 137 So. 798; *Blackmon* v. *State,* 88 Fla. 188, 101 So. 319; *McKinney* v. *State,* 96 Tex. Cr. 342, 257 S. W. 258; *State* v. *Atlas,* 75 Mont. 547, 244 P. 477. See in particular the case of *Hickey* v. *State, supra,* in which the Supreme Court of Tennessee held that Shannon's Code of Tennessee, Section 6942, which provides that " 'All prosecutions for misdemeanors, unless otherwise expressly provided, shall be commenced within twelve months next after the offense has been committed' " serves to bar, in the absence of other contravailing circumstances, a conviction for a misdemeanor had under an indictment charging a felony.

As the defendant has interposed a motion that he be discharged, having theretofore moved the court that the verdict be set aside, a new trial awarded and in arrest of judgment, the defendant should be discharged. That it is proper in the state of this record to discharge the defendant, see *State* v. *Harr,* 77 W. Va. 637, 88 S. E. 44, and *State* v. *Baker,* 101 W. Va. 617, 133 S. E. 333, in the latter of which cases on the basis of a warrant charging the commission of a misdemeanor more than one year prior to the issuance thereof, this Court reversed the judgment of conviction, set aside the verdict and discharged the defendant.

We therefore reverse the judgment of the Circuit Court of Monongalia County, set aside the verdict of the jury, and order that the defendant be discharged from custody.

> *Judgment reversed;*
> *verdict set aside;*
> *defendant ordered*
> *discharged from custody.*

GIVEN, PRESIDENT, dissenting:

Defendant was indicted for a felony. He was convicted of assault and battery and sentenced to a term in jail. The

felony charged in the indictment included the lesser offense of which defendant was convicted. The indictment was found after the expiration of one year from the date of the commission of the offense. The only question before the Court was whether the included offense, the misdemeanor of which defendant was convicted, was barred by the limitation found in Code, 61-11-9. The applicable provision of that section reads: "* * * A prosecution for a misdemeanor shall be commenced within one year after the offense was committed * * *". Notice that the wording of the statute bars only a "prosecution" for a misdemeanor, not a "prosecution" for a felony, even though the felony charged may include lesser offenses.

Another statute pertinent, if not controlling, Code, 62-3-14, reads: "If a person indicted for a felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced by the court for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor." The two statutory provisions deal with the same subject matter and should be read together. The first provides a limitation as to misdemeanors prosecuted as such. The other permits conviction of an included offense and requires that a defendant convicted of an included offense "be sentenced by the court for such part as he is so convicted of", without regard to any limitation.

The majority opinion admits, as it must, that the offense for which defendant was convicted was included in the felony charge contained in the indictment. See *State* v. *Wisman,* 93 W. Va. 183, 186, 116 S. E. 698; *State* v. *Tomlin,* 86 W. Va. 300, 304, 103 S. E. 110; *State* v. *Vineyard,* 85 W. Va. 293, 101 S. E. 440. The majority opinion also admits, as I understand it, that the return of the felony indictment constituted the initiation of a felony "prosecution". See *State* v. *Smith,* 130 W. Va. 183, 187, 43 S. E. 2d 802. These facts being clear, is it not also clear that Code, 61-11-9, has no controlling application where the offense charged is an included offense in a felony prosecution?

As above pointed out, defendant was "a person indicted for a felony", within the meaning of Code, 62-3-14. He was also "by the jury acquitted of part and convicted of part of the offense charged" in the indictment. These facts being clearly established, it seems incontrovertible that he falls within the application of that section. This being true, there appears no justification for ignoring the mandatory language of the section which requires that "he shall be sentenced by the court for such part as he is so convicted of * * * whether it be felony or misdemeanor". The majority opinion would take refuge behind some theory of pleading, but the language "he shall be sentenced by the court" can not be viewed or considered as pertaining to matters of pleading.

The Legislature, in the enactment of legislation whereby the limitation relating to misdemeanor prosecutions should not be applicable to included misdemeanors, probably had in mind a most useful purpose. Those who are charged with the duty and responsibility of apprehending and convicting criminals, as is well known, must often deal with sly, subtle, insidious persons, astute in the evasion of conviction and punishment of crimes. For many reasons, it may be found impossible or inadvisable to request of a grand jury indictments within one year. It may be, and no doubt often is, to the advantage of the public to delay such requests. Hasty indictments are not always justified. These facts appear to be made apparent by the absence of any limitation as to prosecutions of the more serious offenses. Under the majority holding, however, indictments for the more serious offenses must now be returned within one year, or the State must lose the right to convict and punish as to any included misdemeanors.

An examination of the cases cited in the majority opinion, as establishing a majority rule to the contrary, will disclose that in not one of them was the decision based on any one or more statutory provisions to the same effect as our two statutes herein quoted. The rule which

I believe this Court should follow, especially in view of our statutes, is stated in *Jinks* v. *State,* 114 Ga. 430, 40 S. E. 320, as follows: "1. The statute of limitations applicable in the trial of a criminal case is that which relates to the offense charged in the indictment, and not that which relates to any minor offense of which the accused might be convicted under the indictment." In the opinion in that case the Court stated: "* * * It is settled law in this state that the statute of limitations applicable in a criminal case is that which relates to the offense charged in the indictment, and not to any minor offense included therein of which the accused might be found guilty. *Reynolds* v. *State,* 1 Ga. 222; *Clark* v. *State,* 12 Ga. 350; *Wall* v. *State,* 75 Ga. 474 * * *". See *Sikes* v. *State,* 20 Ga. App. 80, 92 S. E. 553.

The majority seems to have founded its conclusion, in part, on a fear that sometime, somewhere, some prosecuting attorney would be able to obtain an indictment for a felony for the purpose of evading the statute of limitations applicable to a misdemeanor. Such fear, even if well founded, which I believe it not to be, can be of no help in determining the intent of the Legislature or in applying the plain language used in the two applicable statutes. Such fear might be a matter to be considered by the Legislature, but not by the courts. Is it not an entirely sufficient answer to any such argument to say that prosecuting attorneys, grand jurors and petit jurors perform their duties under oath and are presumed to act lawfully in the performance of such duties? Moreover, should such an indictment be so improperly returned, there are existing ample safeguards for the protection of defendants.

Being of the view that the misdemeanor of which defendant was found guilty and which was an offense included in the felony prosecution, was not barred, I respectfully dissent. I am authorized to say that Judge Haymond concurs in this dissent. We would affirm the judgment of conviction.