MARTHA O'DONNELL *v.* HONORABLE JAMES F. SHIPMAN, *Judge, etc., et al.*

(No. 7556)

Submitted January 25, 1933. Decided January 31, 1933.

*O. J. Hill* and *I. M. Underwood,* for relator.
*R. E. Bills* and *W. H. Carter,* for respondent.

MAXWELL, PRESIDENT:

On complaint of Martha O'Donnell, the relator, her husband, Harold O'Donnell, respondent, was convicted of non-support by a justice of the peace of Tyler County. Upon appeal to the circuit court, the defendant was found guilty by a jury. Thereupon, respondent, the Honorable James F. Shipman, judge of said court, sustained a motion of the defendant in arrest of judgment, set aside the verdict, dismissed the case and discharge the defendant from further prosecution under the warrant because, as recited by the court in its order, "the complaint in said case does not allege that the offense was committed in Tyler County."

The purpose of this proceeding is to require the circuit judge to re-instate the said case upon the docket of the circuit court of Tyler County and to render judgment upon the verdict of the jury as provided by law.

We are of opinion that the fact that the venue of the offense was not laid in the complaint upon which the warrant was based was not sufficient reason to justify the trial court in sustaining a motion in arrest of judgment and dismissing the proceeding. A justice has jurisdiction to try on its merits a charge of non-support. Code 1931, 48-8-3. A warrant for an offense of which a justice has jurisdiction to render judgment stands in the place of an indictment. *State* v. *Harr,* 77 W. Va. 637, 88 S. E. 44; 22 Ency. Pl. & Pr., page 1084. Viewing such warrant as an indictment, what boots it whether the complaint upon which the warrant is predicated correctly avers the venue or not where the warrant, as in the case under consideration, does correctly lay the venue?

Where an indictment is involved, the question of the sufficiency of averment of venue must be determined from the face of the indictment itself. In reason the same rule must apply to a warrant which stands in the place of an indictment.

We think, too, that there is much reason in the proposition that where a defendant to a warrant makes no objection to the sufficiency of the complaint upon which the warrant is predicated, but enters a plea of not guilty to the charge laid in the warrant, he thereby waives all questions as to the sufficiency of the complaint. ''Timely objections for defects in the affidavit or complaint, or in the warrant founded thereon, must be made; otherwise they will be presumed to have been waived, and will not be considered by the court.'' I Wharton's Criminal Procedure (10th Ed.), p. 58.

Though we think the reason assigned by the circuit court was not sufficient justification for its action, we are further of opinion that it would be beyond our province for us to require the circuit court to reinstate the verdict and render judgment thereon. The record of the case is, of course, not before us. It may disclose good and sufficient reason for the court's action in declining to enter judgment upon the verdict. If so, a judgment against the defendant would have to be reviewed on writ of error if he so desired. There would then be presented the anomaly of this court's reversing a judgment which by its order in mandamus it had required the circuit court to enter.

A warrant, such as at bar, standing in the stead of an indictment, and the action of the trial court being in effect a holding that the warrant was insufficient, there arises an interesting query as to whether the state was entitled to a writ of error under Code 1931, 58-5-30. That question becomes academic now, however, because the time limit fixed by that statute has expired. As the situation now stands, if the state has a case against the defendant, such case will have to be prosecuted under a new warrant or an indictment laying the venue in Tyler County or elsewhere as the facts may require.

We are of opinion to refuse a writ of mandamus.

*Writ refused.*