350 So.2d 123 (1977)
John HUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 77-5.
District Court of Appeal of Florida, Second District.
September 28, 1977.
Rehearing Denied October 18, 1977.
Jack O. Johnson, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant, John Huff, was charged with robbery with a deadly weapon in violation of Section 812.13, Florida Statutes (1975). He was tried by a jury and convicted of the offense with which he was charged. At trial the evidence introduced showed that the weapon used in the robbery was a closed pocketknife. After a hearing, subsequent to the trial, appellant was declared to be a habitual felony offender and sentenced to life in prison with forty-eight days credit for time served.
On this appeal appellant raises the question of whether the trial judge committed reversible error in failing to instruct the jury on the offense of robbery with a weapon pursuant to Fla.R.Crim.P. 3.150. We reverse and remand to the trial court for a new trial.
Appellant's counsel made a timely request that the trial court instruct the jury on the crimes of robbery with a deadly weapon, robbery with a weapon, and robbery. The trial judge did instruct the jury on robbery with a deadly weapon and robbery but refused to instruct on robbery with a weapon. A trial judge is required to *124 give an instruction when timely requested on necessarily lesser included offenses of the crime charged. State v. Terry, 336 So.2d 65 (Fla. 1976). Thus, if robbery with a weapon is a necessarily lesser included offense of robbery with a deadly weapon, as we believe it is, it follows that the trial court erred in failing to give appellant's requested instruction.
In Brown v. State, 206 So.2d 377, 382 (Fla. 1968), the Florida supreme court defined a necessarily lesser included offense as "an essential aspect of the major offense... ." Under this definition it is clear that robbery with a weapon is a necessarily lesser included offense of robbery with a deadly weapon. It would be manifestly impossible to prove robbery with a deadly weapon without proving robbery with a weapon since obviously a deadly weapon is a weapon. In this case the evidence concerning the closed pocketknife would prove the presence of a weapon as well as the presence of a deadly weapon. Furthermore, the robbery statute clearly delineates three stages or degrees of robbery in descending order: robbery with a deadly weapon, robbery with a weapon, and robbery without a weapon. Section 812.13(2), Florida Statutes (1975).
For the reasons assigned above we hold that the trial court committed error in refusing to give the instruction on robbery with a weapon and reverse. Lomax v. State, 345 So.2d 719 (Fla. 1977).
In view of our decision we need not reach the other two issues raised by appellant.
REVERSED and REMANDED for a new trial.
GRIMES and OTT, JJ., concur.