362 So.2d 333 (1978)
Eugene HOLLOWAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1521.
District Court of Appeal of Florida, Third District.
August 8, 1978.
Rehearing Denied September 14, 1978.
*334 Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender and Andrew Rosen, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen. and William M. Grodnick, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and KEHOE, JJ.
HUBBART, Judge.
The central issue presented for review by this appeal is whether it constitutes reversible error in a criminal case, in which the defendant is charged with first degree murder, for the trial court to refuse to instruct the jury, over objection by defense counsel, on the lesser offenses of second degree murder, third degree murder and manslaughter where the statute of limitations has run on all such lesser offenses. We hold that no such reversible error is shown and affirm.
The facts of this case pertinent to the above issue are undisputed. On June 2, 1976, the defendant Eugene Holloway and a co-defendant were indicted for the crime of first degree murder before the Circuit Court for the Eleventh Judicial Circuit of Florida. It was alleged that the murder was committed on November 7, 1972, in Dade County, Florida. At trial, the evidence sufficiently established that the defendant Holloway in company with his codefendant committed the murder in question at the above date and place as alleged; the defendant makes no contention to the contrary.
At the conclusion of all the evidence, the trial court held a charge conference and announced that it was not going to instruct the jury on the lesser offenses included within the main charge of first degree murder (i.e. second degree murder, third degree murder and manslaughter) on the ground that the statute of limitations had run on such lesser offenses. Defense counsel specifically objected to this ruling. The trial court thereafter instructed the jury as to first degree murder but not as to any lesser offense.
The defendant was convicted of first degree murder by the jury and was sentenced to life imprisonment. He now appeals and argues that the trial court committed reversible error in refusing to instruct on the above lesser offenses. This is the sole and only error urged as having been committed by the trial court in this cause.
It is the established law of this state, as well as the overwhelming weight of authority throughout the country, that on an indictment for first degree murder, the defendant may not be convicted of any lesser offense (i.e. second degree murder, third degree murder and manslaughter) on which the statute of limitations has run. The trial court is not required to instruct the jury on any such lesser offense. Perry v. State, 103 Fla. 580, 137 So. 798 (1931); Blackmon v. State, 88 Fla. 188, 101 So. 319 (1924); Nelson v. State, 17 Fla. 195 (1879); Chaifetz v. United States, 109 U.S.App.D.C. 349, 288 F.2d 133 *335 (1960); 47 A.L.R.2d Anno. 887, 888 (1956); 1 Wharton's Criminal Law and Procedure 418-19 (Anderson 1957). Indeed, a statute purporting to authorize a conviction on a lesser offense barred by the statute of limitations has been held invalid. Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (1946).
It is true that Fla.R.Crim.P. 3.490[1] and 3.510[2] as interpreted in Brown v. State, 206 So.2d 377 (Fla. 1968), impose a mandatory duty on the trial court to instruct the jury upon proper request on all lesser offenses as therein defined when embraced by the main offense for which the defendant is charged. These rules, however, presuppose that the lesser offense involved is a viable crime for which the defendant may be convicted and sentenced. By definition, there can be no lesser offense where the statute of limitations has run thereon because any conviction returned as to such offense would be a nullity. The trial court is not, therefore, required to instruct the jury on any lesser offense which is barred by the statute of limitations. In our view, this is a fair and reasonable construction of the above rules which does no violence to any of the defendant's rights guaranteed by the state and federal constitutions.
In the instant case, all agree that the applicable two year statute of limitations had run on the lesser offenses of second degree murder, third degree murder and manslaughter; that a conviction on any of these offenses could not be returned against the defendant herein; and that there was no statute of limitations on the crime of first degree murder. § 932.465, Fla. Stat. (1971). As such, the trial court was eminently correct under the law in instructing the jury solely as to first degree murder and in refusing to give any instructions on the above lesser offenses.
Affirmed.
NOTES
[1] "If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all cases charge the jury as to the degrees of the offense." Fla.R.Crim.P. 3.490.
[2] "Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard." Fla.R.Crim.P. 3.510.