372 So.2d 930 (1979)
James Dale GROWDEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 51710.
Supreme Court of Florida.
June 21, 1979.
*931 Richard L. Jorandby, Public Defender, and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
ADKINS, Justice.
By petition for certiorari we have for review an opinion of the district court of appeal, fourth district (Growden v. State, 347 So.2d 631 (Fla. 4th DCA 1977)), which allegedly conflicts with a decision of the district court of appeal, second district (Huff v. State, 350 So.2d 123 (Fla.2d DCA 1977)), on the same point of law. Art. V, § 3(b)(3), Fla. Const.
The essential issue is whether subsections (a), (b), and (c) of section 812.13(2), Florida Statutes (Supp. 1974), are merely sentencing guidelines for the trial judge or whether they are lesser degrees of the offense or lesser included offenses which must be submitted to the jury. Defendant below, petitioner here, was charged with robbery. At trial he requested jury instructions as to the lesser included offenses of robbery; i.e., whether a firearm was carried and whether deadly force was used. The trial court denied the requested instructions and, upon appeal, the conviction was affirmed.
In Huff v. State, supra, defendant was convicted of robbery with a deadly weapon and, upon appeal, raised the question of whether the trial judge committed reversible error in failing to instruct the jury on the offense of robbery with a weapon. The district court of appeal reversed and, speaking through Judge Boardman, said:
Appellant's counsel made a timely request that the trial court instruct the jury on the crimes of robbery with a deadly weapon, robbery with a weapon, and robbery. The trial judge did instruct the jury on robbery with a deadly weapon and robbery but refused to instruct on robbery with a weapon. A trial judge is required to give an instruction when timely requested on necessarily lesser included offenses of the crime charged. State v. Terry, 336 So.2d 65 (Fla. 1976). Thus, if robbery with a weapon is a necessarily lesser included offense of robbery with a deadly weapon, as we believe it is, it follows that the trial court erred in failing to give appellant's requested instruction.
In Brown v. State, 206 So.2d 377, 382 (Fla. 1968), the Florida supreme court defined a necessarily lesser included offense as "an essential aspect of the major offense... ." Under this definition it is clear that robbery with a weapon is a necessarily lesser included offense of robbery with a deadly weapon. It would be manifestly impossible to prove robbery with a deadly weapon without proving robbery with a weapon since obviously a deadly weapon is a weapon. In this case the evidence concerning the closed pocketknife would prove the presence of a weapon as well as the presence of a deadly weapon. Furthermore, the robbery statute clearly delineates three stages or degrees of robbery in descending order: robbery with a deadly weapon, robbery with a weapon, and robbery without a weapon. Section 812.13(2), Florida Statutes (1975).
350 So.2d at 123-24.
We approve this decision and adopt the opinion in Huff v. State, supra, as determinative of the issue in this case.
The decision of the district court of appeal is quashed and the cause is remanded with instructions to reverse the judgment of conviction and remand the cause to the trial court for new trial.
It is so ordered.
BOYD, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, C.J., concurs in result only.
OVERTON, Justice, dissenting.
I dissent on the grounds that there is no basis for this Court's jurisdiction to review this per curiam affirmed decision of the district court, even though I agree with the majority on the merits. This is no more than a second appeal.