379 So.2d 147 (1980)
John KEENAN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1397.
District Court of Appeal of Florida, Fourth District.
January 16, 1980.
Rehearing Denied February 20, 1980.
Richard L. Jorandby, Public Defender and Rendell F. Brown, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Glenn H. Mitchell and Marc E. Kirk, Asst. Attys. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This appeal arises by way of a murder committed in September of 1974 for which the appellant was not indicted until January 1978. The Court gave a murder one charge but refused to charge on any lesser degrees of homicide because all lesser degrees were barred by the statute of limitations.[1] The appellant was convicted as charged. We affirm.
The only point with merit on appeal presents an interesting nuance, for not only do we know that a jury must be charged on all lesser degrees of homicide, Brown v. State, 206 So.2d 377 (Fla. 1968); Fla.R. Crim.P. 3.490, but we are also aware of the doctrine of "jury pardon" last enunciated in Lomax v. State, 345 So.2d 719 (Fla. 1977) and State v. Abreau, 363 So.2d 1063 (Fla. 1978).
The question of failure to charge on lesser offenses has been recently examined in the Third District which, after pointing out "it is the established law of this state . . that on an indictment for first degree murder the defendant may not be convicted of any lesser offense ... on which the statute of limitations has run," held that by definition no lesser offense exists in such a situation because any conviction returned as to such lesser offense would be a nullity, Holloway v. State, 362 So.2d 333 (Fla.3d DCA 1978).
We are in agreement with the foregoing; however, nowhere does Holloway speak to "jury pardon" as such. Nonetheless it remains our opinion that if there are no convictable degrees for the charged offense to be divided into, and no lesser offenses on which a conviction can be obtained, the concept of jury pardon is simply not applicable, except that a failure to carry the greater burden of proving the more heinous crime will permit the defendant to go free altogether rather than being convicted of a lesser offense. There are, of course, some crimes not divisable into degrees and with no lesser included offenses, which are apparently not rendered unenforceable because the jury pardon argument is not available. See State v. Thomas, 362 So.2d 1348 (Fla. 1978) (possession of burglary tools); Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976), (uttering a forged instrument); *148 Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975), (conspiracy). In addition, and more to the point, our own Supreme Court in 1931 reached the exact same result as did Holloway. Perry v. State, 137 So. 798 (Fla. 1931). True, Perry is an old decision, but it has not been overruled and it would appear to remain the law of Florida.
We conclude with an admission of puzzlement over the precise origin and effect in Florida of the quoted phrase "jury pardon." We note that our Supreme Court has ruled that a defendant cannot waive instructions on lesser included offenses, State v. Washington, 268 So.2d 901 (Fla. 1972)[2] a holding which logically suggests that jury instructions on lesser offenses are not solely for the defendant's benefit but also in some measure are for the benefit of society. Thus an accused who is guilty of some criminal offense will not go scot-free because the proof will not support the optimum conviction.[3] In this same vein we also note the standard jury instruction which commands a jury to return a verdict for the highest offense proved.[4] Such an instruction does not appear to be compatible with a concomitant power to pardon. If a jury possesses this as a "right," it is illogical that it is not so instructed. How can the jury exercise its right to pardon if it is ignorant of it and is told quite to the contrary by the standard instructions?[5] We are glad the result in this case does not require us to resolve this debate.
MOORE, J., and RIVKIND, LEONARD, Associate Judge, concur.
NOTES
[1] However instructions were given on justifiable and excusable homicide.
[2] The statute on which this ruling was based has been repealed but its counterpart remains in Fla.R.Crim.P. 3.490 and 3.510.
[3] In Ammons v. State, 88 Fla. 444, 102 So. 642, 644 (1924) the court noted: "What reason impelled the jury to return a verdict of murder in the second degree need not be inquired into, as a verdict of murder in that degree will be sustained if the evidence would support a verdict of a higher degree of homicide, because the defendant's guilt as to every grade of unlawful homicide is involved upon a trial for murder in the first degree (citations omitted)."
[4] Fla.Std. Jury Instr. (Crim.) 2.16
[5] This concept of "jury pardon" appears to be written about in legal literature under the nomenclature of "jury nullification." Articles on the subject discuss this as a "power" of the jury rather than a "right," of which the jury is not informed by instruction. In the fairly recent case of United States v. Dougherty, 154 U.S.App.D.C. 76, 473 F.2d 1113 (D.C. Cir.1972) an issue before the court was whether the trial court erred in refusing to instruct the jury on its power to acquit in nullification of the law and evidence, and in the alternative, whether the trial court had erred in refusing to allow the defendants to argue the jury nullification doctrine to the jury. The court concluded that there was no error in either denial. See, for example, Dreyer, Jury Nullification and the Pro Se Defense: The Impact of Dougherty v. United States, 21 Kansas L.Rev. 47 (1972); Simson, Jury Nullification in the American System: A Skeptical View, 54 Tex.L.Rev. 488 (1976); Scheflin, Jury Nullification: The Right to Say No, 45 S.Calif.L.Rev. 168 (1972); and Stolt, Jury Nullification: The Forgotten Right, 7 New England L.Rev. 105 (1971).