380 So.2d 1330 (1980)
Willie C. REDDICK, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1475/NT4-73.
District Court of Appeal of Florida, Fifth District.
March 19, 1980.
*1331 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, JOHN R., Associate Judge.
Appellant was convicted of robbery with a firearm pursuant to Section 812.13(2)(a), Florida Statutes (1977). The trial court sentenced appellant to a term of imprisonment from three years to ten years.
Appellant asserts the court erred in failing to give his requested charge on robbery with a weapon pursuant to Section 812.13(2)(b), Florida Statutes (1977). Appellant contends this was a failure to give an instruction on a lesser included offense only one step removed from the offense charged. See Growden v. State, 372 So.2d 930 (Fla. 1979).
From the unrebutted testimony of two eye witnesses, the facts are as follows. An individual entered a convenience store and robbed the manager of the store of cash at gunpoint. The store manager testified that the robber used a .32 caliber black revolver with a four-inch barrel. This witness had extensive experience with guns. Another eye witness was also held at gun point and was absolutely certain that it was in fact a firearm. Both eye witnesses identified the defendant whom they knew personally.
The defense was one of alibi. Defendant testified he was at a relative's home watching television. He presented the testimony of family members to this effect. The jury found defendant guilty of robbery with a firearm.
Defendant asserts error claiming no instruction was given on robbery with a weapon. Despite his defense of alibi, he argued to the trial judge that perhaps the jury would think the gun was really a stick or some other weapon which was not a firearm. Section 812.13(2), Florida Statutes (1977), establishes three categories of circumstances in subsections (a), (b), and (c) which may be involved in robbery as follows:
(a) Robbery with a firearm or other deadly weapon;
(b) Robbery with a weapon (not a firearm or deadly weapon);
(c) Robbery without any weapon or firearm.
After a close reading of the transcript, we find the defendant is incorrect in his contention that an instruction on subsection (b) was not given.
The jury was charged on "robbery with a firearm" and on the crime of "robbery" as a lesser included offense. The "robbery" instruction, contrary to the statute, did not indicate anything concerning the use of a *1332 weapon, the use of a firearm or the use of no weapon or firearm. Thus, the jury was instructed on two sets of circumstances which were not technically in accord with (b) and (c) of the statute. Under the actual charge given they could have found defendant guilty of robbery with a firearm or they could have found him guilty of simply robbery with or without a weapon. There was no prejudice because defendant had the benefit of the "robbery" instruction, which encompassed robbery with a weapon or robbery without a weapon. Admittedly the instructions improperly combined subsections (b) and (c) and a verdict of simple "robbery" might well have been deemed only a finding of guilt under subsection (c). This would have been entirely to defendant's advantage and he should not be allowed to complain.
The case of Growden v. State, supra, is distinguishable. There, the jury was precluded from considering robbery with a weapon whereas here the instructions given adequately covered this lesser included offense as a theory of defense.
In seeking a reversal for failure to instruct on a lesser included offense, the defendant herein should not be allowed to assert error without a demonstration of prejudice. State v. Abreau, 363 So.2d 1063 (Fla. 1978), and Brown v. State, 206 So.2d 377 (Fla. 1968), hold that the reason for the rule of reversal despite an absence of prejudice is because of the concept of a "jury pardon." The Brown decision is based on two statutes. It construes Section 919.14, Florida Statutes (1965), and Section 919.16, Florida Statutes (1965), as a grant to the jury of discretion to pardon the defendant by convicting him of any lesser degree of the crime charged or any lesser included offense or attempt to commit an offense. The Brown decision holds that since the jury may convict of these lesser degrees, offenses or attempts, that the court must charge on them. The statutes on which Brown is based were repealed and replaced by Rule of Criminal Procedure 3.490 relating to degrees of an offense and Rule of Criminal Procedure 3.510 relating to attempts and lesser offenses. Both Rules require the court to charge the jury accordingly. Presumptively, these two Rules now form the basis for jury pardons in Florida. Although we do not believe the Rules of Criminal Procedure should form the basis for the substantive principle of jury pardons, we need not deal with this issue herein.
The jury here was unaware that they had the pardon power and they were in fact specifically instructed to the contrary. Florida Standard Jury Instruction (Crim.) 2.16 "Verdict" provides as follows:
You may find the defendant guilty as charged in the information or guilty of such lesser included crime as the evidence may justify. (Reference to verdicts omitted).
If you return a verdict of guilty, it should be for the highest offense which has been proved beyond a reasonable doubt. If you find that no offense has been proved beyond a reasonable doubt, then, of course, your verdict must be not guilty.
This standard jury instruction was given in the instant case without objection by defendant. It had the effect of telling the jury they should convict the defendant of the highest offense proved. It did not allow the jury to pardon the defendant by convicting him of some lower offense. The defendant cannot logically be allowed to assert he was prejudiced by not having the jury pardon him to a lesser offense when he did not object to the instruction which specifically told the jury they could not pardon him.
This leads to the very interesting question of why we have "jury pardons" without telling the jury about it. We are aware of no authority for the giving of an instruction on jury pardons, and we would not condone it. We simply are unable to understand how a defendant can be entitled to a reversal of an otherwise proper conviction because a trial court somehow prevented a jury from doing something (a jury pardon) which that jury did not know it could do.
*1333 Because the instructions actually given included the offense or robbery with a weapon and because of the unobjected to instruction negating jury pardons, we affirm the judgment of guilt.
The court, however, did err in sentencing the defendant to an indeterminate sentence of three to ten years. The sentence is thus vacated and the case remanded for resentencing in accordance with Cox v. State, 344 So.2d 1324 (Fla.2d DCA 1977), cert. denied, 354 So.2d 979 (Fla. 1977).
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
DAUKSCH, C.J., concurs.
ANSTEAD, HARRY LEE, Associate Judge, dissents.
ANSTEAD, HARRY LEE, Associate Judge, dissenting:
The trial court failed to grant an instruction requested on a lesser included offense only one step removed from the offense charged. The case of Growden v. State, 372 So.2d 930 (Fla. 1979) appears to be directly on point and mandates reversal.