BERANEK, Judge,
concurring specially:
I specially concur to raise, once again,[2] a question as to the necessity for reversal in a case of this sort. Although I agree that State v. Abreau, 363 So.2d 1063 (Fla.1978), requires it, I suggest that the concept of jury pardons should be re-examined. Notwithstanding the judicial establishment of the jury pardon theory, we do not instruct juries about their right to pardon defendants. In fact, the standard instructions inform the jury they should do exactly to the contrary by convicting the defendant of the highest offense proved beyond a reasonable *1025 doubt. Here, the defendant was tried and instructions were given on robbery, attempted robbery, grand theft, and petty theft. Defendant also requested instructions on aggravated assault and assault. Pursuant to binding precedent, this court reverses for the failure to instruct on assault. I am unable to understand how we can find reversible error under the “one step removed” rule when we do not tell the jury about it. I do not urge that juries should be instructed on jury pardons, but I frankly cannot justify their existence nor the finding of reversible error for failure to properly deal with them without also suggesting that juries should be told about the concept. In short, how can reversible error occur because the jury has only a limited ability to pardon the defendant when the jury is not told that they have that ability at all. I believe “jury pardons” should be re-examined. Were it not for the effect of binding precedent to the contrary, I would urge this court to do so.

. See Reddick v. State, 380 So.2d 1330 (Fla. 5th DCA 1980). See also Keenan v. State, 379 So.2d 147 (Fla. 4th DCA 1980).