394 So.2d 417 (1981)
Willie REDDICK, Petitioner,
v.
STATE of Florida, Respondent.
No. 59086.
Supreme Court of Florida.
February 12, 1981.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
We review the opinion of the Fifth District Court of Appeal in Reddick v. State, 380 So.2d 1330 (Fla. 5th DCA 1980), which expressly and directly conflicts with Growden v. State, 372 So.2d 930 (Fla. 1979), and Huff v. State, 350 So.2d 123 (Fla. 2d DCA 1977), on the same point of law. Art. V, § 3(b)(3), Fla. Const.
Reddick was convicted of robbery with a firearm pursuant to section 812.13(2)(a), Florida Statutes (1975). The trial judge charged the jury on robbery with a firearm, attempted robbery with a firearm, robbery, and attempted robbery. He denied Reddick's requested charge on robbery with a weapon because "there is no evidence to support it, it was either a firearm or it wasn't."[1]
The Fifth District Court of Appeal distinguished Growden. Growden, however, approved Huff, in which Judge Boardman said: "Thus, if robbery with a weapon *418 is a necessarily lesser included offense of robbery with a deadly weapon, as we believe it is, it follows that the trial court erred in failing to give appellant's requested instruction." 350 So.2d at 124. The failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible. See State v. Abreau, 363 So.2d 1063 (Fla. 1978). The requested instruction comes within that degree.
To affirm this decision we would have to recede from Growden and Huff. We decline to do so and therefore quash the decision of the district court of appeal with instructions to remand the cause for a new trial.
It is so ordered.
ADKINS, Acting Chief Justice, BOYD and OVERTON, JJ., concur.
ALDERMAN, J., dissents with an opinion.
ALDERMAN, Justice, dissenting.
I do not believe that the opinion of the Fifth District in the present case expressly and directly conflicts with Growden and Huff on the same point of law. As pointed out by Judge Beranek in his opinion for the Fifth District, Growden is distinguishable because in that case the jury was precluded from considering robbery with a weapon, whereas here the instruction given adequately covered this lesser included offense. 380 So.2d at 1332.
I, therefore, conclude that this Court is without jurisdiction and that Reddick's petition for review should be denied. Art. V, § 3(b)(3), Fla. Const.
If we did have jurisdiction, I would approve the decision of the Fifth District.
NOTES
[1] The store manager testified that the robber used a .32 caliber black revolver with a four-inch barrel.