DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUIS CASTILLO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D10-1573

[May 20, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 2008CF011497CXX.

Madeline M. Acosta and Christina K. Diaz of Acosta & Diaz, LLC, Miami Lakes, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant appeals his convictions and multiple, consecutive life sentences arising from the armed robbery of a convenience store in 2007, and the tragic death of an innocent bystander during the get-away. The case was initially submitted to us with an *Anders*[1] brief. After review of the record, we ordered supplemental briefing on a jury instruction issue. Having received supplemental briefs from the defense and the State, we now affirm.

The sole issue we address is whether error occurred when the trial court did not instruct the jury on the offense of robbery with a weapon, a lesser-included offense of robbery with a firearm. Upon our relinquishment of jurisdiction, the trial court held an evidentiary hearing on the issue. The defendant was present and represented by appellate counsel at the hearing. The trial court took testimony and reviewed the record of the trial over which it presided. The trial court found:

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

> [T]he record alone demonstrates that defense counsel withdrew his request for all category one lesser included offenses. . . . Defense counsel reviewed the final draft of the jury instructions and handed them to the court and affirmatively indicated that the instructions are the ones he wanted read to the jury. Defense counsel abandoned his pursuit of all category one lesser included offenses and acquiesced to the jury instructions given without objection. At no time did the trial court deny the Defendant's request for all category one lesser included offenses. The undersigned would not have denied any requested and pursued category one lesser included offense. For the foregoing reasons, the Court finds that defense counsel withdrew his request for all category one lesser included offenses.

The failure to give a requested lesser-included instruction that is one step removed from the charged crime constitutes per se reversible error. *See Reddick v. State*, 394 So. 3d 417, 418 (Fla. 1981). However, "[a] defendant in a non-capital case must specifically request instructions on lesser-included offenses, or object to the omission; otherwise, any error in failing to give an instruction that was not requested is not preserved for appellate review and is not fundamental error." *Silver v. State*, 149 So. 3d 54, 58 (Fla. 4th DCA 2014). Here, defense counsel neither requested the lesser-included offense of robbery with a weapon nor objected when the instructions were given. We therefore affirm.

*Affirmed.*

TAYLOR, MAY and GERBER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2